380 A.2d 521.

TOWN OF NARRAGANSETT *vs.* INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO, LOCAL 1589.

DECEMBER 8, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J. This is a certiorari proceeding wherein the petitioner, the town of Narragansett (town),

challenges the jurisdiction of an arbitration board impaneled pursuant to the Fire Fighters' Arbitration Act (Act), G.L. 1956 (1968 Reenactment) §§28-9.1-7, -8, to issue an order concerning minimum manpower requirements at a town fire station.

In 1976, negotiations were conducted by the town and respondent, International Association of Fire Fighters, AFL-CIO, Local 1589 (union), bargaining agent for the town's firefighters, regarding fourteen proposed changes to the collective bargaining agreement between the parties for fiscal year July 1, 1976 to June 30, 1977. Impasse was reached on four issues, including the one presently before us, a proposal to increase from three to five the minimum number of permanent employees on duty at all times in Station No. 1. The unresolved issues were submitted for arbitration to a duly constituted arbitration board, which conducted hearings on March 31, 1976 and April 12, 1976. On May 4, 1976 the board rendered an order regarding all four disputed issues, mandating as to minimum manpower that there be at least four permanent employees on duty at all times in Station No. 1. The town implemented three of the awards but refused to effectuate the minimum manpower award, claiming that in fixing minimum manpower the arbitration board had abused its jurisdiction by subjecting to binding arbitration a matter that should have been reserved to the discretion of management. The union submits that the number of firefighters on duty at Station No. 1 affects both the safety and workload of the individual firefighter and as such is a term and condition of employment properly subject to mandatory binding arbitration under the Act.

The issue before us is whether minimum manpower is a term and condition of employment. Section 28-9.1-4 of the Act recognizes the right of firefighters to bargain collectively as to "wages, rates of pay, hours, working conditions, and all other terms and conditions of employment." Because this language closely parallels that of the National Labor Rela-

tions Act (NLRA), this court has recognized on numerous occasions the persuasive force of federal decisions construing the phrase "terms and conditions of employment." *City of East Providence* v. *Local 850, Int'l Ass'n of Firefighters,* 117 R.I. 329, 335, 366 A.2d 1151, 1154 (1976); *Belanger* v. *Matteson,* 115 R.I. 332, 338, 346 A.2d 124, 129 (1975). Federal cases have interpreted proposals affecting workload as terms and conditions of employment under the NLRA and therefore as mandatory subjects of arbitration. *E.g., Gallenkamp Stores Co.* v. *NLRB,* 402 F.2d 525, 529 n.4 (9th Cir. 1968). Safety practices have also been recognized as terms and conditions of employment by courts interpreting the NLRA. *Fireboard Paper Prods. Corp.* v. *NLRB,* 379 U.S. 203, 222, 85 S. Ct. 398, 409, 13 L. Ed. 2d 233, 245 (1964) (Stewart, J., concurring). State courts, evaluating similar minimum manpower disputes under similar state and local scope of bargaining provisions, have concluded that, if there is evidence before the arbitrators disclosing that manpower affects the workload or safety of the individual firefighter, the minimum manpower proposal is arbitrable. *Fire Fighters Union, Local 1186* v. *City of Vallejo,* 12 Cal. 3d 608, 619-21, 526 P.2d 971, 978-79, 116 Cal. Rptr. 507, 514-15 (1974); *City of Alpena* v. *Alpena Fire Fighters Ass'n, Local 623,* 56 Mich. App. 568, 575, 224 N.W.2d 672, 676 (1974).

On review by writ of certiorari, this court does not weigh the evidence before the lower tribunal, but merely examines the record to determine if there was any competent evidence, or reasonable inference therefrom, to support the finding of that tribunal. *Lemoine* v. *Department of Mental Health, Retardation & Hosps.,* 113 R.I. 285, 288, 320 A.2d 611, 613 (1974); *Hazen* v. *Hazen,* 112 R.I. 363, 363, 310 A.2d 143, 143 (1973). The record before us reveals that evidence was presented to the arbitration board showing or tending to show that the number of people on duty affected the workload of each firefighter at the scene of a fire, and

that the safety of the individual firefighter depended in part on the manpower complement.[1] Because there was evidence before the arbitration board which proved, or from which a reasonable inference could be drawn, that minimum manpower affects both the workload and safety of the firefighter, and because the issues of workload and safety have been held to be terms and conditions of employment, it is clear that minimum manpower requirements are within the purview of §28-9.1-4 of the Act and are therefore arbitrable. Accordingly, we must hold that the arbitration board had jurisdiction to render the minimum manpower award.

The petition for certiorari is denied and dismissed, the writ previously issued is quashed, and the award of the arbitration board concerning minimum manpower is affirmed. The papers certified are ordered returned with our decision endorsed thereon.

Petition for reargument denied.

*James E. McGwin,* Assistant Solicitor, for petitioner.

*Hogan & Hogan, Thomas S. Hogan,* for respondent.

---

[1] Union exhibits 44-47 detail the operation of the Town of Narragansett Fire Department at various manpower levels. Exhibits 48, 49, and 51 outline the reasons why increased manpower is necessary to improve response time to fire alarms, to handle the growing number of alarms turned in, and to fulfill obligations to an increasing population. Exhibit 52, a bulletin from the American Insurance Association, correlates on-duty strength of a fire department with safety and working conditions of the individual firefighter.