DECISION
This is an appeal from a decision of the Barrington Zoning Board of Review. The appellants seek reversal of the Board's recorded decision of October 20, 1995. In its decision, the Board denied the appellants' application for a special — use permit pursuant to the section of the Barrington Zoning Ordinance regarding the unmerger of nonconforming contiguous lots under common ownership to enable the landowner to build a single-family dwelling on a substandard lot. Jurisdiction in this Court is pursuant to G.L. 1956 § 45-24-69.
Facts/Travel
On July 9, 1976, Alphonse Mancino (appellant) purchased two unimproved parcels of land located in the Ferry Manor Plat, Barrington, Rhode Island, specifically referred to as Lots 250 and 251 on Assessor's Plat 26. (See Sept. 19, 1995 Application and Exhibit 1, 2/16/95 Record at 5-8). The parcels are also referred to as Lots 8 and 9 in the Ferry Manor Plat, which was accepted by the Barrington Town Council and filed with the Registry of Deeds in Barrington in 1952. (See Exhibit 1, 2/16/95 Record at 8.) At the time of purchase, each of the lots was an independent buildable lot pursuant to the Barrington Zoning Ordinances in effect at that time. (See Exhibit 1, 2/16/95 Record at 9.) Shortly after acquiring the land, the Mancinos built a house on Lot 250, where they currently reside. (See Exhibit 1, 2/16/95, Record at 6.) Lot 251 remained undeveloped. (Id.)
In 1986, the Town of Barrington adopted a zoning ordinance that included a provision for the merger of substandard original lots under the same ownership; as a result, lots 250 and 251 automatically merged. (See Exhibit 1 at 81.) Under the current Ordinance, Lot 251 is located in a Residence 25 District, which requires lots to have a minimum area of 25,000 square feet for a single-family dwelling. See Dimensional Regulation Table 185-17 of the Barrington Zoning Ordinance. The current ordinance also contains a merger provision which sets forth the following:
 "Where land adjacent to a substandard original lot is owned by the owner of said substandard original lot or his or its affiliate, the exemption of § 185-25 shall not apply, and said substandard original lot shall be combined with said adjacent land to establish a lot or parcel having at least the required minimum dimensions and area set forth in Article VI8 for the applicable district. If all such adjacent land so combined is not sufficient to permit the enlargement of said lot to conforming area and dimensions, then the largest lot or parcel which the adjoining common ownership will permit shall be established. By way of example, if all such adjacent land so combined is sufficient to meet the applicable area and dimensional requirements for at least one (1) lot but not for two (2) or more fully conforming lots, then all such lots shall be combined to create a single lot only." § 185-26 A of the Barrington Zoning Ordinance.
In 1990, Alphonse Mancino executed a deed adding his wife, Elaine, to the title of the subject land. (2/16/95 Record at 7).
In February 1995, the appellants' original application for a use variance to unmerge the two lots pursuant to § 185-29 of the Barrington Zoning Ordinance was denied. An amendment adopted on May 8, 1995 by the Barrington Town Council enacted Ordinance #95-5, which replaced § 185-29 of the Zoning Ordinance in its entirety. See Exhibit E. The amended provision set forth the following standard for unmerger:
 § 185-29. Special Use Permit. The Zoning Board of Review may hear and grant a special use permit from the requirements of the merger provisions or this Article, as provided in § 185-73 of the chapter and subject to the prerequisites contained therein, and subject to the additional specific finding that the lots, as unmerged, will be of a size generally in conformance with the size of developed lots in the immediate vicinity." 1995 Barrington Zoning Ordinance.
Since the standard for granting unmerger changed from a use variance to a special use permit, the appellants requested a new hearing on their application. The second hearing was held before the Board on October 19, 1995, after proper notice and advertisement.
At the October 19 hearing, the Board considered the appellants' application for a special use permit to unmerge lots 250 and 251. The entire record of the February 16, 1995 meeting was admitted as Exhibit 1 into the October 19, 1995 record. (See
Oct. 19, 1995 Record at 5.) The Board also heard testimony from Robert J. Grace, a real estate expert, who testified concerning the criteria for a special use permit. (See Oct. 19, 1995 Record at 11.)
Following the hearing, the Board unanimously voted to deny the application for a special use permit to unmerge Lots 250 and 251. (Id. at 69.) A written decision of denial was issued on October 20, 1995. Appellants filed a timely appeal to this Court asserting that the Board's decision was arbitrary and capricious. The appellants also contend that enforcement of the merger provision constitutes a regulatory taking for which the appellants must be compensated.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides;
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
The Applicability of the Merger Doctrine
The doctrine of merger generally entails the combination of two or more contiguous lots of substandard size that are held in common ownership in order to meet the minimum-square-footage requirements of a particular zoned district. R.J.E.P. Associatesv. Hellewell, 560 A.2d 353 at 355 (R.I. 1988) (citing to Dederingv. Johnson, 307 Minn. 313, 239 N.W.2d 918 (1976)). Substandard contiguous lots cannot be developed as individual nonconforming lots unless the landowner applies for a variance or an exception.Id. This Court is satisfied that under the plain and unambiguous language of the Barrington Zoning Ordinance the subject lots merged in 1986. The record indicates that the adjacent lots were in the same ownership on the date of the enactment and thus were merged in accordance with the ordinance.
Special Use Permit
The purpose of the special-use permit in the context of zoning is to establish within the ordinance "conditionally permitted" uses. Nani v. Zoning Board of Review, 104 R.I. 150,242 A.2d 403 (1968); Westminster Corp. v. Zoning Board of Review,103 R.I. 381, 238 A.2d 353 (1968). The fact that a particular use is allowed in a zoning district by special-use permit means that the municipality has already determined that it is an appropriate use for the district. Nani v. Zoning Board of Review,104 R.I. 150, 242 A.2d 403 (1968) (uses permitted by special exception are those which the local legislature has conditionally permitted and has, at least implicitly, found to be harmonious with those uses which are permitted in the district). As such, it cannot be excluded by a decision of the zoning board unless the standards for such special permit are not satisfied with respect to its establishment at a particular site or location. Perron v. ZoningBoard of Review of Burrillville, 117 R.I. 571, 369 A.2d 638
(1977). A zoning board which expresses rejection of an application for a special permit in terms which would effectively bar the use anywhere in the district is, in effect, attempting to administratively veto a use conditionally authorized by the municipality. Hicks v. Warwick Zoning Board of Review,527 A.2d 1136 (R.I. 1987); see also Chase, Rhode Island Zoning Handbook,
§ 121.
Section 185-29 of the Barrington Zoning Ordinance allows for special use permits in order to unmerge substandard lots of land. Section 185-73 sets forth the following relevant conditions for granting a special-use permit:
 "A. The public convenience and welfare will be substantially served.
 B. It will be in harmony with the general purpose of this chapter, and with the Comprehensive Community Plan.
 C. It will not result in or create conditions that will be inimical to the public health, safety, morals and general welfare of the community.
 D. It will not substantially or permanently injure the appropriate use of the property in the surrounding area or district."
Furthermore, pursuant to § 185-29 of the Zoning Ordinance the Board must make a "specific finding that the lots, as unmerged, will be of a size generally in conformance with the size of developed lots in the immediate vicinity."
The appellants argue that the denial of their application was arbitrary and capricious. The record in the instant matter reflects that Robert J. Grace, a real estate expert provided expert testimony regarding the issue of the size of the unmerged lots being in conformance with the other developed lots in the vicinity. The Board also had before it the testimony of Alphonse Mancino, the applicant, and Mark W. Hutchins, a registered professional engineer, who testified concerning the character of the land. In addition, the entire transcript of the February 16, 1995 was also made part of the record for the Board's consideration of the application for a special use permit. Furthermore, our Supreme Court has stated that information in the application and on the plat plans constitutes competent evidence from which a zoning board could make a decision. Gardiner v.Zoning Board of Review, 101 R.I. 681, 690, 226 A.2d 698, 702 (1967). From this information, a Board member made a specific finding that if the requested unmerger relief was granted, "one of the separated lots would be the third smallest of the surrounding 16 [sic] lots." (2/16/95 Record at 87-88.) Thus, a review of the record indicates that the Board had before it substantial evidence to support the denial of a special use permit. In addition, the February 16, 1995 transcript reveals that members of the Board viewed the property in question where members observed a water problem in the area. (2/16/95 Record at 90); See also Toohey v. Kilday, 415 A.2d 732 (R.I. 1980). ("Certainly a board may consider probative factors within its knowledge in denying the relief sought or may acquire adequate knowledge through observation.") Moreover, a board is not limited by the opinions of a qualified expert witness. See Smith v.Zoning Board of Review of Warwick, 103 R.I. 328, 237 A.2d 551
(1968). Thus, this Court finds that the Board's denial of the application for a special use permit to unmerge lots 250 and 251 was supported by substantial evidence and is not arbitrary and capricious.
The appellants also contend that the enforcement of the merger provision against their property constitutes a regulatory taking for which they should be compensated. The appellants citeLucas v. South Carolina Coastal Council, 112 S.Ct. 2882 (1992) and Annicelli v. Town of South Kingstown, 463 A.2d 133 (R.I. 1983) for the proposition that a landowner whose land is deprived of all economically viable use is entitled to compensation.
The Lucas Court acknowledged that its holding was limited to the "relatively rare situations" where "no productive or economically beneficial use of land is permitted." Id. at 2894. Similarly, the Annicelli Court awarded compensation because it found that all reasonable or beneficial use of [the] property [had] been rendered an impossibility. Annicelli v. Town of SouthKingston, 463 A.2d at 140 (R.I. 1983). Thus, a party must make this showing in order to bring their claim within the ambit of these cases. A review of the record illustrates that the appellants have not met this burden.
Accordingly, after reviewing the entire record, this Court finds that the decision of the Barrington Zoning Board of Review was based upon the substantial evidence before it, and substantial rights of the appellants have not been prejudiced. For the foregoing reasons, the decision of the Board is affirmed.
Counsel shall prepare an appropriate judgment for entry.