DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of Johnston (Board) pursuant to G.L 1956 §45-24-69. The appellant, Beverly Jesuino (appellant), appeals the Board's March 29, 1996 decision denying her request for a dimensional variance.
 Facts/Travel
Beverly Jesuino, the appellant, owns the subject property described as lot 205 on Assessor's Plat 38, located in Johnston, Rhode Island. (Tr. at 3 dated 12/12/95.) The property is presently zoned R-15, a residential district requiring a minimum lot area of 15,000 square feet for a single-family residence. Table D-1, use Regulations, Town of Johnston Zoning Ordinance. The subject property consists of approximately 3,332 square feet. A structure consisting of two rooms has existed on the property since 1963. (Tr. at 23 dated 12/12/95.) The appellant purchased the subject property on July 28, 1995. (See Warranty Deed Exhibit A, Book 543, pg. 228, Tr. at 16 dated 12/12/95.) Subsequently, the appellant applied to the Board for a variance to deviate from the rear yard set-back requirement of 45 feet. Specifically, the appellant requested relief to expand the structure from its present dimensions of 14 feet wide (at its widest point) by 26 feet to a uniform 14 feet wide by 40 feet in length. (Tr. at 8 dated 12/12/95.)
On December 21, 1995, the Board held a properly advertised public hearing on the appellant's application. The record indicates that the subject property, Lot 204, and an adjacent parcel, Lot 205, were originally owned and used by one family. (Tr. at 16 dated 12/12/95.) Mrs. Palumbo, a 25-year resident of the area, testified that the existing structure on the subject property was approximately 80 years old and was originally used as a storage shed for the "main house" located on Lot 205, the parcel adjacent to the subject property. (Tr. at 44-45.) Mrs. Palumbo testified that the water, sewer, and electric meters for the structure are attached to the main house on Lot 205. (Tr. at 41.) The appellant testified that the main house/Lot 205 has a mailing address of 455 George Waterman Road, but she testified that the structure does not have its own mailing address and is not presently inhabited. (Tr. at 13 20.) However, Mrs. Palumbo testified that the structure on the subject property had been rented or inhabited by one or two persons on and off for varying periods of time during the past ten years. (Tr. at 22 44.) The subject property is currently assessed at $35,000 as a single-family dwelling. (Tr. 34-35 dated 12/12/95.)
The appellant testified that she sought the variance because she wanted to make the structure more comfortable and wanted to attract a "better" tenant. (Tr. at 28 dated 12/12/95.) The appellant further stated that, except for the expansion of the structure, the only necessary maintenance was a new roof, siding and windows. (Tr. at 68 dated 12/12/95.) In addition, the appellant's counsel conceded that the property could be rented in its present condition. (Tr. at 20 dated 12/12/95.)
Following the hearing, the Board voted four-to-one to deny the application. (Tr. at 92 dated 12/12/95.) The appellant filed a timely appeal to this Court.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inference, conclusions, or decisions which are:
 "(1) In violation of constitutional, statutory, or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of the zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc. 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370 (R.I. 1994) (citingTown of Narragansett v. International Association of FireFighters AFL-CIO Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
 Nonconforming Development
In its denial of the appellant's application for a variance, the Board relied, in part, upon Ordinance Article III, Section M (1)(b), which governs the continuance of a nonconforming development. The Board set forth seven reasons for denying the appellant's application. Reason six provided:
 "6. Article III, Section M of the Town Zoning Ordinance does not allow for expansion of a non-conforming lot or use;
"Article III, Section M provides, in pertinent part:
 "(1) Continuance of a Nonconforming Development
 "(a) A structure or use not otherwise conforming to the provisions of this Ordinance, lawfully existing at the time of its passage or amendment, shall be considered nonconforming, and it shall be permitted to continue.
 "(b) Nothing in this Ordinance shall prevent a nonconforming structure from being maintained, repaired or improved; provided, however, there is no expansion of building size." (Emphasis added.)
Furthermore, the section of the enabling act relevant to the continuation of a nonconforming development is set forth in General Laws § 45-24-39, which provides:
 " — (A) Any city or town adopting or amending a zoning ordinance under this chapter shall make provision therein for any use, activity, structure, building, or sign or other improvement, lawfully existing at the time of the adoption or amendment of the zoning ordinance, but which is nonconforming by use or nonconforming by dimension. The zoning ordinance may regulate development which is nonconforming by dimension differently than that which is nonconforming by use." (Emphasis added.)
It is a well-settled principle of law that the rules of statutory construction apply to the construction of an ordinance.Mongony v. Bevilacqua, 432 A.2d 661, 663 (R.I. 1981) (citingTown of Warren v. Frost, 111 R.I. 217, 222, 301 A.2d 572, 573 (1973); Nunes v. Town of Bristol, 102 R.I. 729, 737,232 A.2d 775, 780 (1967)). When the language of a statute or a zoning ordinance is clear and certain, the ordinance must be interpreted literally. Id.
The enabling statute provides that the zoning ordinance may regulate a nonconforming dimension differently than it regulates a nonconforming use, but the enabling statute does not mandate that an ordinance must regulate the two types of nonconforming developments differently. G.L. 1956 § 45-24-39. While the definition section of the Ordinance defines a nonconformance as being one of two types, a nonconforming use or a nonconforming dimension, Section M (1) does not indicate, as the appellant suggests, that it applies only to a nonconforming use and not to a nonconforming dimension. Article II, Definitions (70)(a)(b), the Johnston Zoning Ordinance; Article III, Section M, Nonconforming Development, (1)(b), the Johnston Zoning Ordinance; Appellant's Memorandum of Law at 12. Moreover, while Section M (1)(b) allows the maintenance, repair or improvement of a nonconforming structure, it clearly prohibits the expansion of a nonconforming structure. Consequently, under the clear language in the Ordinance and the enabling statute, the Board did not violate statutory or ordinance provisions in finding that both a nonconforming dimension and a nonconforming use fall within the language of Ordinance Section M (1), and that as a result, the structure on the subject property could not be expanded.
Furthermore, this Court notes that the enabling act provides that a zoning ordinance may permit a nonconforming development to be altered in one of two ways. G.L. § 45-24-40 (A). As a result, cities and towns are not required to provide for alteration of nonconforming developments in their ordinances. The ordinance may permit an alteration by a "special-use permit" or "either by permit or by right and may distinguish between the foregoing actions by zoning districts." G.L. 1956 § 45-24-40 §§ (A)(1),(2). However, the Johnston Town Ordinance does not provide for the alteration of a nonconforming development by special use permit, permit, or right. In the instant matter, the appellant applied for a variance from the Ordinance "Section F, Table III F-1, R-15 Side yard set backs." Application for Exception or Variation under the Zoning Ordinance. As a result, the Board did not err in denying the appellant's request for a variance.
After review of the entire record, this Court is satisfied that substantial evidence exists to support the Board's denial of the requested variance on the basis that the subject property falls within Ordinance Section M (1)(b), which prohibits the expansion of a nonconforming development. As the Board suggested, the appellant may "improve" the subject property without expanding the size of the structure. (Tr. at 70-71.) As this Court finds that the Board had before it substantial and competent evidence to deny the appellant's application, under Section M (1)(b) of the Ordinance, it need not reach the appellant's other arguments.
Counsel shall prepare the appropriate judgment for entry.