DECISION
This is an appeal from a December 8, 1998 decision of the Warwick Zoning Board of Review (the Board). The decision appealed from is the grant of a height variance to the defendants, William and Carolyn McGillivray, allowing them to construct a dwelling to a height two and one half (2.5) feet greater than permitted through the Warwick Zoning Ordinance for the subject property. The plaintiffs, Stephen M. Mancini and Terry Mancini are neighbors who own property within two hundred (200) feet of the subject waterfront parcel on Tea House Lane in the Aldrich Estates subdivision in Warwick Neck. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
 TRAVEL/FACTS
In April, 1998, William and Carolyn McGillivray purchased approximately 49,248 square feet of land abutting Narragansett Bay in Warwick, known as Assessor's Plat 381, Lot 7, zoned Residential A — 40. Said property slopes gently upward from the water, with an eight (8) foot differential in slope from the front to the back of the property.
The McGillivrays proposed to construct a 3,800 square foot single-family dwelling on the subject property. On or about June 9, 1998, the applicants filed a request with the Board seeking an administrative variance for a peaked portion on the proposed dwelling which would exceed the height restrictions for a Residential A-40 plat.
Plaintiffs Stephen M. Mancini and Terry Mancini who own a hillside lot two streets from the McGillivray property, across from the retaining pond, objected to the McGillivrays' request for a height variance. The plaintiffs assert that the grant of said height variance will block their view of Narragansett Bay from the parameters of their property.
On December 8, 1998, the Board held an advertised, public hearing to consider the McGillivray application for said variance. The applicants offered expert testimony from their engineer John P. Caito, building designer, Steven Laurin, and real estate consultant, J. Clifden O' Reilly, Jr. The Board also heard from the experts retained by the objectors, including, engineer, Robert Angilly, and real estate consultant, William J. McGovern.
On January 5, 1999, the Board recorded its written decision dated December 8, 1998, approving the application for a height variance of 2.5 feet on the proposed dwelling at Ten (10) Tea House Lane.
The plaintiffs filed a timely appeal to this Court on January 25, 1999. On appeal, the plaintiffs allege that the Board applied an incorrect standard of review to the request and misapplied the provisions of the Zoning Ordinance relating to the calculation of height and grades. The plaintiffs further assert that the written Decision by the Board did not properly reflect the reasoning propounded by the Board at the December 8, 1998 hearing.
 Standard of Review
The Superior Court may review of a zoning board decision pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of the zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolou v. Genovesi 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion in an amount more than a scintilla but less than a preponderance. Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court examines the record to determine whether competent evidence exists to support the tribunal's findings. NewEngland Naturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977)). A reviewing court shall affirm a zoning board's decision if there is substantial evidence to support the board's findings. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985).
 The Zoning Ordinance
The Warwick Zoning Ordinance at issue in this appeal, prohibits building heights in excess of thirty-five (35) feet in residential areas zoned as A-4. Further, Section 906.3 of the Warwick Zoning Ordinance requires that each of the following elements are established in order to approve an application for a dimensional variance:
 "906.3 Standards for relief
 (A) All variances. In granting a variance, the board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and not due to a physical or economic disability of the applicant;
 (2) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general characteristic of the surrounding area or impair the intent or purpose of this zoning ordinance or the comprehensive plan of the city;
 (4) That the relief to be granted is the least relief necessary."
 The Decision of the Board
The Board voted four (4) to one (1) in favor of granting the variance and found said variance necessary because of the unique characteristics of the subject land. In reaching its conclusion, the Board heeded the testimony of the applicants' engineer, Caito, who testified that because the grade of the land differed greatly from the front of the property to the back, a height variance of two and a half (2.5) feet was necessary in the back of the dwelling. The Board further determined that the applicants did seek other alternatives for the layout of the dwelling. but were unable to act on these alternatives due to other restrictions on the subject property. Additionally, the Board established that the grant of the requested variance would not alter the general characteristics of the surrounding area since the house on the adjoining property is the same height as the applicants' proposed home.
On appeal, the plaintiffs allege that the Board granted the height variance to the subject owners in order to accommodate the aesthetic and design preferences of the owners. They further contend that the grant of the height variance was not a result of a genuine hardship and that such relief is inappropriate because the subject land was not unique in its slope and grade characteristics. The plaintiffs further submit that the height variance is not the least relief necessary since such action may be avoided by "increasing the footprint of the house." (See Board Decision, at 2 § 7).
The defendants William and Carolyn McGillivray assert that the Board's decision to grant the height variance should be affirmed because the slope of this particular property created a unique characteristic of the land. They further assert that any blockage to the Mancini's view of the Bay would be due to taller, specimen trees, located behind the McGillivray house that may not be cut or trimmed under subdivision restrictions.
In considering an appeal from a zoning board of review, this Court is required to review the record of the hearing before the Board. G.L. 1956 § 45-24-69(C). In reviewing a board's decision the court must examine the entire record to determine whether "substantial evidence" exists to support the board's finding. Salve Regina College v. Zoning Bd. of Review. 594 A.2d 878 (R.I. 1991) (citations omitted). The relief offered by a variance must be the least relief necessary. G.L. (1956) §45-24-41(c)(4).
The applicants' burden in the instant matter was to establish that the proposed use would not alter the general characteristics of the surrounding area, a district zoned as residential. To this end, several experts testifed at the hearing that the two and one half (2.5) feet would not have any appreciable affect on the environs of the dwelling. Additionally, neighbors of the McGillivrays testified that said variance would not change the characteristics of their neighborhood. In fact, plaintiffs' witness testified that only eight (8) percent of the Mancinis' view plane would be impacted by the variance. Further, this eight percent would only be applicable during seasons when the trees to the rear of the McGillivray dwelling were devoid of foliage, which blocked plaintiffs' view of the Bay irrespective of a height variance.
If the court is able "to ascertain from the record the reasons for the board's decision, and said decision is supported by substantial evidence, it will be upheld. Richards v. Zoning Board of Review of theCity of Providence. 100 R.I. 212, 200, 213 A.2d 814, 818 (1965). The record contains substantial evidence that a reasonable mind would accept as adequate to support the decision of the Warwick Zoning Board.Apostolou, 120 R.I. at 507, 388 A.2d at 825. The evidence in this matter indicates that the decision of the Zoning Board was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1991 Reenactment) § 45-24-69(D)(5) and (6). Substantial rights of the plaintiff have not been prejudiced. Accordingly, the decision of the Board is affirmed.
Counsel shall prepare an appropriate judgment for entry.