DECISION
This is an appeal from an August 17, 1999 decision of the Warwick Zoning Board of Review (the Board). The Board granted a dimensional variance to defendant Anthony Ruggieri (hereinafter "Ruggieri"), allowing him to construct a 5,276 square foot addition to the existing structure on his property. Said expansion would decrease the buffer zone between the rear property line of defendant's property and the adjacent property line of plaintiff's lot to fifteen (15) feet. The plaintiff, All Saints Church, (hereinafter "All Saints"), brings the instant appeal pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69. The facts insofar as pertinent follow.
 TRAVEL/FACTS
The property at issue in this dispute is located at 7 Messer Street in Warwick Rhode Island, and is otherwise known as Assessor's Plat 273, Lots 430, 431, 432, and 433 in the general business zone. All Saints' abutting property is located at 111 Greenwich Avenue, Warwick Rhode Island, and is otherwise known as Assessor's Plat 273, Lot 434. Although Ruggieri's structure is zoned for business, All Saints' property is located in a residential zone. The dimensional regulations of the Warwick zoning code require a land owner in a general business zone that abuts a residential zone to petition the Board for a business zoned fifteen (15) foot setback rather than a residentially zoned forty (40) foot setback from property line to property line.
Defendant Ruggieri has owned the subject property, comprised of approximately 31,604 feet of land, since January, 1999. By application dated March 1, 1999, Ruggieri petitioned the Board for a dimensional variance to construct an addition to his existing building, leased to a day care center and a gym equipment storage facility. The proposed addition would be built to the rear of the building, approximately fifteen (15) feet from All Saints' adjacent property line. The Board heard Ruggieri's petition at a properly advertised public hearing on July 13, 1999 and subsequently granted his variance on August 12, 1999.
On August 27, 1999, All Saints timely filed the instant complaint with this Court.
 Standard of Review
The Superior Court may review of a zoning board decision pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "45-24-69. Appeals to Superior Court (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of the zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if the board's decision was supported by substantial evidence. Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion in an amount more than a scintilla but less than a preponderance.Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court examines the record to determine whether competent evidence exists to support the tribunal's findings.New England Naturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)). A reviewing court shall affirm a zoning board's decision if there is substantial evidence to support the board's findings.Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985).
 The Zoning Ordinance
Section 906.3 of the Warwick Zoning Ordinance requires that each of the following elements are established in order to approve an application for a dimensional variance:
 "906.3 Standards for relief
 (A) All variances. In granting a variance, the board shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and not due to a physical or economic disability of the applicant;
 (2) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general characteristic of the surrounding area or impair the intent or purpose of this zoning ordinance or the comprehensive plan of the city;
 (4) That the relief to be granted is the least relief necessary.
 The Decision of the Board
The Board unanimously voted to grant the variance and made the following factual determinations:
 1. "The hardship from which [Ruggieri] seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area and not due to a physical or economic disability of the applicant. . . [t]he petitioner is very limited on area in which to construct an addition.
 2. Said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain because the proposed addition is necessary for the operation of the two businesses presently existing on the subject property. The gym equipment business is in need of additional space to adequately operate.
 3. The granting of the requested variance will not alter the general characteristic of the surrounding area or impair the intent or purpose of this zoning ordinance or the comprehensive plan of the City because the area surrounding the subject property consists mainly of businesses. The church located to the east of the subject property is 30' higher than the subject property.
 4. The relief requested is the least relief necessary because the proposed addition is the least amount of space needed by the petitioner for its business."
During the course of the hearing, the Board entertained testimony from the applicant's counsel, from members of All Saints, and from the president of the Pontiac [neighborhood] Association. Although no expert testimony was heard, the Board repeatedly referenced the lack of objections to the proposed addition by the city Planning Board who "do a very exhaustive investigation; and they have made no comment, which means they see no objection." (Transcript pp. 14 at 6-9; 25 at 7-11; 29-30 at 23-24, 1-4).
The crux of the instant dispute centers upon the decrease in the buffer zone between Ruggieri's property line and All Saints' property line that the proposed building addition would create. A buffer zone is defined as: "An area of land separating two different zones or areas to help each blend more easily with the other, such as a strip of land between industrial and residential areas." Blacks Law Dictionary 189 (Seventh Ed. 1999).
In considering an appeal from a zoning board of review, this Court is required to review the record of the hearing before the Board. G.L. 1956 § 45-24-69(C). In reviewing a board's decision the court must examine the entire record to determine whether "substantial evidence" exists to support the board's finding. Salve Regina College v.Zoning Bd. of Review, 594 A.2d 878 (R.I. 1991) (citations omitted). The relief offered by a variance must be the least relief necessary. G.L. (1956) § 45-24-41(c)(4).
All Saints assert that the loss of the forty (40) foot buffer would prejudice its substantial rights. The transcript of the hearing reveals that the All Saints' building closest to the Ruggieri property line is a rectory that will be used shortly as a residence for a parish family. However, the transcript also reveals that the buffer is not to be measured from the back of the rectory itself, but rather from the property lines. (Transcript, pp. 35 at 7-8). Additionally, counsel for defendant points out that "[All Saints'] rear yard setback also acts as a buffer . . . [s]o it's not 15 feet from building to building. . . [but rather,] 15 feet from building to property line, then there's some more land, [All Saints'] land that buffers from their activities to [Ruggieri's] property." (Transcript pp. 35 at 9-15).
The arguments propounded by All Saints in their memoranda submitted to this court were not raised during the subject hearing before the Board on July 13, 1999. All Saints contend in its papers that the Board erred in granting the variance because Ruggieri was not permitted to use the building as a warehouse in a general business district in the first place, pursuant to section 300 of the ordinance. All Saints assert that a warehouse is only permitted by a special use permit and that a dimensional variance cannot be given in conjunction with a special use permit (citing Newton v. Zoning Board of Review of City ofWarwick, 713 A.2d 239, (R.I. 1998)).
Ruggieri contends that a special use permit was not required, nor did he apply for one in his original petition to expand his building. His burden in the instant matter is to establish that the proposed use would not alter the general characteristics of the surrounding area and that the relief requested was the least relief necessary. He is not required to defend his right to have a warehouse storage facility and a day-care center on the property. Ruggieri states that plaintiff's argument serves to confuse the issues and the facts of the dispute. This Court agrees and finds plaintiff's circuitous interpretation of the provisions of the zoning ordinance to be far-reaching in this juncture in the proceedings. In fact, the Court is inclined to infer other motivations for All Saints' staunch opposition to Ruggieri's proposed expansion based upon the "history of the property behind the church" as provided by one of its' members during the hearing before the Board. According to the testimony, the land in question was previously owned by All Saints after the City Council permitted All Saints to purchase the land at a tax sale. The land was subsequently redeemed by the owner owing the back taxes and sold soon thereafter to Ruggieri. (Transcript, pp. 9-10 at 16-24; 1-6). Furthermore, the transcript reveals that there was a dispute between Ruggieri and All Saints relating to the roots of trees on the property line. The member testifies that "I think that [Ruggieri has] indicated that he has not been a very good neighbor and that's why we're against the proposal." (Transcript pp. 11 at 8-11).
The evidence in this matter indicates that the decision of the Zoning Board was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1991 Reenactment) § 45-24-69(D)(5) and (6). The Board found Ruggieri to be very limited in space to construct an addition due to the unique characteristics of the subject land. Ruggieri established that the proposed expansion would have a minimal effect — merely a difference of twenty-five feet from property line to property line — on the general characteristics of the area. Additionally, the area surrounding the property in question is comprised primarily of businesses and by granting said variance, the comprehensive plan of the City would not be impaired. Further, Ruggieri has shown that the relief requested is the least relief necessary for the continual operation of the storage facility and day care on his premises.
The evidence in this matter indicates that the decision of the Zoning Board was not "clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1991 Reenactment) § 45-24-69(D)(5) and (6). Substantial rights of the plaintiff have not been prejudiced. Accordingly, the decision of the Board is affirmed
Counsel shall prepare an appropriate judgment for entry.