DECISION
This is an appeal from a February 22, 2000 decision of the Town of South Kingstown Planning Board of Appeal (a/k/a the Zoning Board of Review) (hereinafter referred to as the Board of Appeal). In its decision, the Board of Appeal reversed the November 17, 1999 written decision of the South Kingstown Planning Board (the Planning Board) which had denied the application of Joseph Young and Frances Young (the Youngs) for a Combined Conceptual Master Plan and Preliminary Plan Approval for a four (4) lot Residential Compound Major Subdivision as depicted on plans entitled "Preliminary Land-N-Sea VII B . . ." (the Subdivision). Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-23-71.
 Facts and Travel
On December 15, 1993, the Planning Board issued a written decision, granting the Youngs preliminary approval for a five lot residential compound in accordance with plans entitled "Preliminary Plan, Land-N-Sea VII, South Kingstown Rhode Island, T.A.P. 85-1, Portion of Lot 1 . . . ." See Letter from Planning Board to Patrick E. Brady (Dec. 15, 1993). On December 12, 1996, the Administrative Officer granted the Youngs final approval for "three lots of a five lot Residential Compound . . . ." See Letter from Administrative Officer to Joseph Young (Dec. 12, 1996). The Final Plat Plan for Land-N-Sea VII Phase One was recorded on Card 98-64 of the Land Evidence Records on October 23, 1998. This final plat plan shows Lots 1-A to 3-A plus Lot 4-A (Future) and Lot 5-A (Future).
In July 1999, the Youngs filed a new application for preliminary approval of the areas designated "Future" on the October 23, 1998 Final Plat Plan. The subject property is designated as a portion of Lot 1 on Tax Assessor's Plat 85 and is located off Matunuck Schoolhouse Road in South Kingstown, Rhode Island. The Youngs' petition was advertised as a Combined Conceptual Master Plan and Preliminary Plan. Following several public hearings, the Planning Board voted to deny the Youngs' application on November 9, 1999. See Letter from Planning Board to Joseph H. And Frances Young (Nov. 17, 1999). The Youngs appealed the Planning Board's decision to the Board of Appeal.
On January 19, 2000, February 16, 2000 and February 22, 2000, the Youngs, by and through their attorneys, appeared before the Board of Appeal. On February 22, 2000, after consideration of testimony, the Planning Board record and arguments of counsel, the Board of Appeal reversed the Planning Board's decision. The Young's appeal was granted, and their application was remanded to the Planning Board.
On appeal to this Court, the appellants (Land-N-Sea Compound V-A Property Owners Association, et al.) argue that the Board of Appeal exceeded its authority under Section 45-23-70(a) of the Rhode Island General Laws and Article XII, Section B.4.a. of the South Kingstown Subdivision and Land Development Regulations (Regulations).
 Standard of Review
This court possesses appellate review jurisdiction of a board of appeal's decision pursuant to G.L. 1956 § 45-23-71, which states in pertinent part:
 (b) The review shall be conducted by the superior court without a jury. The court shall consider the record of the hearing before the planning board . . . .
 (c) The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a board of appeal, a justice of the Superior Court may not substitute his or her judgment for that of a board of appeal if he or she conscientiously finds that a board of appeal's decision was supported by substantial evidence. Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means in (sic) amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. At 507, 388 A.2d at 824-25)). A reviewing court must simply review the record to determine if competent evidence exists in support of a board of appeal's conclusions. New England Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Ass'n of Fire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977)). Only if the record is "completely bereft of competent evidentiary support" may a board of appeal's decision be reversed. Sartor v. Coastal Resources Management Council, 542 A.2d 1077, 1083 (R.I. 1988) (citing Milardo v. Coastal Resources Management Council of Rhode Island, 434 A.2d 266, 272 (R.I. 1981)). On review of a Superior Court judgment, the Supreme Court determines whether legally competent evidence exists to support a decision of the Superior Court. Rhode Island Public Telecommunications Authority v. Rhode Island Labor Relations Board, 650 A.2d 479, 485 (R.I. 1994).
 Discussion
Section 45-23-70(a) of the Rhode Island General Laws states in pertinent part:
 "the board of appeal shall not substitute its own judgment for that of the planning board or the administrative officer but must consider the issue upon the findings and record of the planning board or administrative officer. The board of appeal shall not reverse a decision of the planning board or administrative officer except on a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record." (Emphasis added).
Article XII, Section B.4.a. of the Regulations reiterates this same standard of review for the Board of Appeal. The appellants argue that the Board of Appeal exceeded its authority under these provisions by substituting its own judgment for that of the Planning Board. In contrast, the appellees point out the Board of Appeal's finding that:
 "[t]he Decision of the Planning Board to deny the [Young's] application on the ground that the action dated December 12, 1996 constituted Final Approval of Phase II restricting Phase II to only two lots (4A and 5A) is prejudicial procedural error, clear error, and not supported by the weight of the evidence in the record." Board of Appeal's Decision at 2 (Emphasis added).
The issue in this matter is whether the Board of Appeal's reversal of the Planning Board's denial of the Young's application was "in excess of the authority granted to the [Board of Appeal] by statute or ordinance." G.L. 1956 § 45-23-71(c)(2). In other words, does competent evidence exist in the record to support the Board of Appeal's finding that the Planning Board's decision was based upon "prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record?" See New England Naturist Ass'n, Inc., 648 A.2d at 371; see also G.L. 1956 § 45-23-70(a); Regulations Art. XII, § B.4.a.
As previously stated, on December 12, 1996, the Administrative Officer granted the Youngs "Final Plat Approval for Land and Sea VII, Phase I, three lots of a five lot Residential Compound located off Matunuck Schoolhouse Road Assessors Plat 85-1 portion of Lot 1." Letter from Administrative Officer to Joseph Young (Dec. 12, 1996). The Final Plat Plan for Land-N-Sea VII Phase One was recorded on Card 98-64 of the Land Evidence Records on October 23, 1998. This final plat plan shows Lots 1-A to 3-A plus Lot 4-A (Future) and Lot 5-A (Future).
In denying the Youngs' present application, the Planning Board found that "the final plat approval for Land-N-Sea VII, Phase I, as granted December 12, 1996, clearly indicated a 5 lot residential compound development where Phase II would consist of 2 lots. Those 2 future lots are clearly designated as 4A and 5A on that plan." Letter from Planning Board to Joseph H. And Frances Young (Nov. 17, 1999). In reviewing the Planning Board's decision, the Board of Appeal found that the Planning Board's denial of the Youngs' "application on the ground that the action dated December 12, 1996 constituted Final Approval of Phase II restricting Phase II to only two lots (4A and 5A) [was] prejudicial procedural error, clear error, and not supported by the weight of the evidence in the record."
Board of Appeal's Decision at 2. As stated in paragraphs 3 and 4 of the Board of Appeal's decision:
 "3. The action of December 12, 1996 did not constitute final approval of Phase II and the two lots proposed therein (4A and 5A) did not become component lots because the exact configuration, boundaries, and dimensions of those lots were not precisely delineated. For that reason, (a) the Building Official could not issue building permits for the lots preliminarily delineated on Phase II, and (b) because further action had to be taken to make the lots buildable, it is clear that the action of December 12, 1996 could not have constituted Final Approval of Phase II.
 4. Until the Planning Board grants Final Approval of a specific number and configuration of lots in the area designated as Phase II, the applicants are entitled to submit proposals for the development of Phase II, which proposals must, of course, comply with the density, area, and other requirements of the subdivision regulations." (Emphasis added).
The record fully substantiates the findings of paragraphs 3 and 4 of the Board of Appeal's decision and constitutes "clear error" by the Planning Board. See G.L. 1956 § 45-23-70(a). Therefore, this Court will not substitute its own judgment for that of the Board of Appeal. See Apostolou, 120 R.I. at 507, 388 A.2d at 825 (1978).
 Conclusion
After reviewing the entire record, this Court finds that the decision of the Board of Appeal was supported by reliable, probative and substantial evidence. Further, such decision was not made in excess of the Board of Appeal's authority under G.L. 1956 § 45-23-70(a) and Article XII, Section B.4.a and c. of the Regulations. Accordingly, the decision of the Board of Appeal is affirmed.