DECISION
This is an appeal from a decision of the Zoning Board of Review ("Board") of the Town of Scituate. The appellants, Robert and Carol Knox and Candace Caluori (collectively "appellants") are appealing the orders, determinations, and requirements of the Building Inspector regarding property located at 129 Danielson Pike, North Scituate, Rhode Island ("property") owned by Mr. and Mrs. Anthony Morra and Bisco Properties, LLC ("Morras" or "Owners"). The appellants are appealing the Board's February 17, 2000 decision denying their appeal of the Building Inspector's determinations with regard to the construction of a hair salon on the subject property.
 Facts/Travel
In August of 1999, Mr. and Mrs. Anthony Morra began construction on their property. The property is located at 129 Danielson Pike and is described as Assessor's Plot 16, Lot 20. The Morras intended to convert the existing residential use of their home located on the property to a commercial use, namely, a hair salon. In doing so, the Morras filed applications with both the Village Review Committee ("VRC") and the Town Planning Commission. In September, the Planning Commission stayed the Morras' application, pending the Department of Environmental Management's (DEM) approval of an Individual Sewage Disposal System (ISDS) permit. Subsequently, the Morras then submitted their plans to the Building Inspector to allow for renovations to the building which included a building permit, electrical permit and plumbing permit.
Despite their failure to receive DEM approval, the Morras began construction of the hair salon. The neighboring landowners began objecting to the construction in early August. The appellants objected to the construction on several grounds. The appellants were especially concerned with the conversion of the Morras' property from residential to commercial without first obtaining a special use permit from the Board. Appellants also complained that Mr. Morra listed himself as the master plumber and electrical contractor in each of those permits, and he did not perform the work and was not licensed by the Department of Public Health. In November, the Morras sought permission from the Building Inspector to install a parking lot, which he orally authorized.
As part of the construction of the parking lot, the Morras began to remove trees from the property, clearing land for the installation of the parking lot. This involved removal of trees from virtually the entire lot, which appellants thought was excessive. Also, in November, the Morras sought permission to install a sidewalk and lighting fixtures at the front of the property. The Building Inspector orally approved the installation of the sidewalk and lighting absent VRC approval. The appellants also complained to the zoning official that the Morras had installed unapproved windows.
Despite appellants' complaints regarding the above actions, no action was taken to enforce the ordinance with respect to the development of the property from August to early December of 1999. On December 8, 1999, the Zoning Inspector issued a Cease and Desist Order regarding the parking lot, lighting and sidewalk. However, he did not order removal of any of the completed work.
The appellants filed a notice of appeal with the Zoning Board of Review on December 15, 1999. On February 17, 2000, the Board issued its final decision. The Board denied the appellants' appeal. In denying the appeal, the Board found that "there is no recorded decision from which to make an appeal." The Board further decided:
 "To ratify the Building/Zoning Inspector's decision of stopping the project and that all work is and shall remain stopped until all necessary approvals are obtained from the appropriate authorities before whom these matters are pending. This may also include the decision to reverse some of the work that has been done and to include appearing before the Zoning Board for a determination as to whether a beauty parlor is a permitted use in this zone under the zoning ordinance . . . ."
On appeal, the appellants complain that the Zoning Inspector "unjustifiably and unreasonably" failed to enforce the ordinance with respect to the development of the property. Specifically, appellants complain that the Zoning Inspector: 1) did not have authority to approve the clear cutting of trees prior to consent of the VRC and the Planning Commission; 2) failed to require the owners to obtain a special use permit allowing them to alter the use of the property from residential to commercial; 3) failed to prevent improper building renovations, specially that owners obtain an ISDS approval by DEM and to investigate the claim that unlicensed persons were performing the electrical and plumbing work; and, 4) failed to enforce the zoning ordinance by allowing the Morras to install unapproved windows on the front of the home. Finally, appellants argue that parking lot, lighting and sidewalk installation usurped the Planning Commission and VRC's power to regulate the installation of parking lots, sidewalks, and exterior lighting. The appellants also complain that the Board's decision to deny their appeal on the grounds that there was no recorded decision from which to appeal was erroneous.
 Standard of Review
The Superior Court review of a Zoning Board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the Zoning Board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the Zoning Board of Review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the Zoning Board of Review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a Zoning Board, a justice of the Superior Court may not substitute his or her judgment for that of the Zoning Board if he or she conscientiously finds that the Board's decision was supported by substantial evidence. Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount, more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d 824-825). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New England Naturist Ass'n. Inc. v. George,648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v.International Association of Fire Fighters, AFL — CIO, Local 1589,119 R.I. 506, 380 A.2d 521 (1977)). A Zoning Board's determinations of law are not binding on the reviewing court. See Gott v. Norberg,417 A.2d 1352, 1361 (R.I. 1980). Rather, "[q]uestions of law . . . may be reviewed to determine what the law is and its applicability to the facts." Carmody v. Rhode Island Conflict of Interest, 509 A.2d 452, 458 (R.I. 1986).
 Failure to Enforce Appropriate Zoning Ordinance
The appellants argue that the Building Inspector failed to enforce various zoning ordinances under Article I, Section 5 of the Scituate Zoning Ordinance, which provides that the Building Inspector shall enforce the provisions of the ordinance. Furthermore, the appellants contend that the Building Inspector usurped the power of the Village Review Committee and the Planning Commission by approving various improvements without the approval of those Boards. It is well settled that a party aggrieved by the decision of a building inspector, including the issuance of permits, is obligated to seek relief from the Zoning board of Review for the particular town in which the violation occurs. G.L. § 45-24-64. "The general assembly has vested original jurisdiction to determine the timeliness and merits of [an] appeal from [a] [town] [building] [inspector] in the board of review and provide[s] the right to judicial review of the board's decision should [a] [party] be aggrieved thereby." Hartunian v. Matteson, 109 R.I. 509, 288 A.2d 485, 490 (1972). Section 45-24-64 states:
 "An appeal to the zoning board of review from a decision of any other zoning enforcement agency or officer may be taken by an aggrieved party. The appeal shall be taken within reasonable time of the date of the recording of the decision by the zoning enforcement officer or by filing with the officer or agency from whom the appeal is taken and with the zoning board of review a notice of appeal specifying the ground of the appeal. The officer or agency from whom the appeal is taken shall immediately transmit to the zoning board of review all the papers constitution the record upon which the action appealed from was taken. Notice of the appeal shall also be transmitted to the planning board or commission."
Here, the appellants "in early August noticed construction activity on the neighboring property located at 129 Danielson Pike." According to appellants, "since [they] were situated within the North Scituate Overlay District, [they] knew that certain approvals must be obtained by the property owners prior to development . . . ." (Brief at pages 2-3). The appellants complained to the Building Inspector that the owners of the property were violating town ordinances. Appellants contend that despite numerous complaints, the Zoning Inspector "unjustifiably and unreasonably" failed to enforce the ordinance with respect to development of the property. The appellants also aver that the Morras were in violation of building permits ordered by the Building Inspector.
Despite all their complaints, appellants state: "no action was taken to enforce the ordinance with respect to the development of the property from August to early December 1999." It was not until December 8, 1999, four months later, that the Zoning Inspector issued a Cease and Desist Order with regard to construction of the parking lot. On December 15, 1999, the appellants sought relief by appealing the Zoning Inspector's decisions with respect to the property to the Scituate Zoning Board. The record indicates that the appellants issued their complaints only to the Building Inspector and not the Zoning Board of Review.
Pursuant to § 45-24-64, an aggrieved party must appeal within a reasonable time of the date of the recording of the decision by the zoning enforcement officer to the Zoning Board of Review. The Building Inspector made several decisions with regard to this property including building permits and oral approvals. The determination of a reasonable time for the appeal must depend upon the peculiar facts of the instant case. See Zeilstra v. Barrington Zoning Board of Appeal, 417 A.2d 303
(R.I. 1980). Furthermore, a reasonable time for the appeal from the grant of a building permit does not necessarily begin to run the moment the permit is issued or the construction commenced. See Zeilstra v. BarringtonZoning Board of Review. Id. A reasonable time within which to appeal from the grant of a building permit begins to run against an appellant only at such time as he becomes chargeable with knowledge of the decision from which he seeks to appeal. Hardy v. Zoning Board of Review of Coventry,113 R.I. 375, 321 A.2d 289 (1974).
Here, the appellants became aware of the construction on the subject property at the very outset. Furthermore, they were aware of various building permits issued by the Building Inspector from the very beginning of construction as indicated by the letter of objection to the Building Inspector submitted on August 10, 1999. Although appellants continued to voice their objections, they did not file an appeal of the Building Inspector's actions and/or inaction until December 15, 1999.
In the instant matter, the Board did not determine whether the appeal of the Building Inspector's decision was timely or whether or not the actual notice to the Building Inspector was notice to the Zoning Board of Review. It is the proper jurisdiction of the Zoning Board of Review to determine what constitutes a reasonable time. See Hartunian v. Matteson,109 R.I. 509, 288 A.2d 485, 489 (1972). Furthermore, pursuant to §45-24-57 "Powers and Duties of Zoning Board of Review" — the Board has the power "to hear and decide appeals in a timely fashion where it is alleged there is an error in any order, requirement, decision, ordetermination made by an administrative officer or agency in the enforcement or interpretation of this chapter, or of any ordinance adopted pursuant hereto . . . ." (Emphasis added.) Here, it is clear the Building Inspector made several decisions and interpretations with regard to the application of the Foster zoning ordinance to the subject property.
It is this Court's judgment, therefore, that this current appeal is not properly before the Superior Court, but is in order for the consideration of the Scituate Zoning Board of Review and that, on considering this case, the Board must determine from all the circumstances presented to it, whether the appeal was taken within a reasonable time. If the Board determines that the appellants timely appealed the Building Inspector's decisions then said Board shall hear the matter on the merits pursuant to § 45-24-64 and render its written decision accordingly.
In any event, regardless of the outcome, the appellants are entitled to a decision rendered by the Board from which a further appeal, if desired, may be taken. As a result of the foregoing, this matter is remanded to the Scituate Zoning Board of Review for further consideration and the creation of a record of its findings.