NEW ENGLAND NATURIST
ASSOCIATION, INC.

v.

Ernest GEORGE et at.

NEW ENGLAND NATURIST
ASSOCIATION, INC.

v.

TOWN OF SOUTH KINGSTOWN.

Nos. 94–345–M.P., 94–348–M.P.

Supreme Court of Rhode Island.

Sept. 30, 1994.

Louis A. Serio, Bristol, for plaintiff.

Karen R. Ellsworth, South Kingstown, Vincent J. Naccarato, Westerly, Terrence G. Simpson, Providence, Kelly Fracassa, Westerly, for defendants.

OPINION

PER CURIAM.

This matter came before the Supreme Court for oral argument on September 20, 1994, pursuant to an order that directed the parties to show cause why the issues raised by the petitioners should not be summarily decided. The defendants, the town of South Kingstown (town) and intervenor Donna Maltempo, challenged a Superior Court judgment that reversed a decision of the South Kingstown zoning board. The zoning board had determined that the New England Naturist Association, Inc. (NENA, plaintiff), requires a special exception in order to utilize its beachfront property.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel for the parties during oral argument, we are of the opinion that cause has not been shown, and the issues will be summarily decided.

The plaintiff, since its purchase of a beachfront lot in South Kingstown on June 21, 1993, has used the property as a sunbathing beach on which members are allowed to sunbathe, clothing or lack of clothing optional. On three boundary lines with abutting property, fifty-four-inch nontransparent windscreens have been erected. Clothing is worn when members swim or leave the perimeters of the organization's property.

On July 8, 1993, a South Kingstown building official issued a zoning-violation notice to NENA, alleging that NENA was using the property for nonprofit outdoor recreation without having been granted a special exception for such use, in violation of Use Code 879 of the South Kingstown Zoning Ordinance. On NENA's appeal, the town's zoning board of review upheld the building official's determination, and NENA appealed that decision to the Superior Court. The Superior Court reversed and entered judgment for NENA, holding that because NENA had not built a structure on its land, the zoning ordinance was inapplicable to NENA's use of its property. The defendants' petitions for writs of certiorari were granted by this court on June 10, 1994.

The town argued that its zoning regulations do not regulate the forms of ownership of land but, rather, the uses of vacant land. The town further argued that the impact of significant activity on the land and on the community can and should be reasonably regulated in order to promote public health, safety, morals, or welfare, citing *Town of Burlington v. Dunn*, 318 Mass. 216, 220, 61 N.E.2d 243, 245 (1945). The town further alleged that NENA would not be prohibited from using its beachfront property as a recreational facility provided it obtained a special exception before doing so.

The plaintiff has alleged that it does not need a special exception in order to use lot No. 13 as a "sunbathing beach" because "the same or similar use has been in existence since before zoning was adopted in the town of South Kingstown." Thus, plaintiff argued, its activities represent a legal nonconforming use of its property. The net effect of plaintiff's activity, however, has been the circumvention of the use codes established by the zoning ordinance that recognizes and attempts to accommodate the widely differing uses of waterfront property.

The trial justice appropriately addressed the constitutionally based right of the citizenry to have access to the shoreline, and she acknowledged the need to regulate such fragile beachfront property as plaintiff's lot, which lies within a high-flood danger zone.

We are of the opinion, however, that the trial justice's ruling that Use Code 879 was inapplicable to plaintiff was in error. In so ruling, we conclude that land use is subject to zoning rules under which concerns for type and density of land use, as well as environmental and economic impact, can be addressed. We hold that plaintiff should proceed by seeking a special exception under the provisions of the zoning code.

We conclude further that, in reviewing the decision of the zoning board of review, the trial justice substituted her judgment for that of the board. It is well established that a reviewing court merely examines the record below to determine whether competent evidence exists to support the tribunal's findings. *Town of Narragansett v. International Association of Fire Fighters,* *AFL–CIO, Local 1589*, 119 R.I. 506, 380 A.2d 521 (1977).

Consequently, we grant the petitions for certiorari and quash the judgment of the Superior Court. We return the papers in the case to that court without prejudice to the plaintiff's right to petition for a special exception to use its property as a bathing beach for the benefit of its members.

WEISBERGER, Acting C.J., did not participate.