DECISION
Joseph C. Cambio, and Charles J. Rejto (plaintiffs) bring this appeal of the October 29, 1996 decision of the Zoning Board of Review of the City of Providence (Board). The Board approved the application made by Robert F. Ferrari, Ferrari Engineering, Inc., and June Groden, d/b/a The Groden Center, (defendants) for a use variance to relieve defendants from Providence Zoning Ordinance provisions which govern buildings or structures non-conforming by use. This court possesses jurisdiction pursuant to G.L. 1956 § 45-24-20.
Facts
The Assessor designates the subject property, located at 484 Hope Street, Providence; Rhode Island, as Assessor's Plat 6, Lot 54, Zoning District R-2. Defendant Robert Ferrari owns the subject property and the applicant, The Groden Center, sought to purchase the property upon permission from the zoning Board to use the property solely as office space for the Center. On September 19, 1996, defendants applied to the Board for relief from Article II, § 200.2 (defines nonconforming use), § 201 (defines the intent underlying the city's treatment of nonconforming uses) and § 201.1 (governs the treatment of nonconforming uses in residential zones) of the Providing Zoning Ordinance, which govern buildings or structures non-conforming by use and intent. The defendants sought to convert the use of the existing building from one engineering office and one apartment to business offices for the Groden Center.
On October 29, 1996, the Board conducted an advertised hearing on defendants' application for the proposed use variance. At the hearing, the Board heard testimony from Susan Stevenson of the defendant Groden Center and Tom Sweeney, a real estate appraiser and broker employed by Henry W. Cooke Company. The Board accepted Tom Sweeney as a real estate expert. Neighbors also appeared at the hearing to oppose the Board's grant of relief. In addition to testimony, the record contained a recommendation from the Department of Planning and Development to deny the application because the Department concluded that the applicant failed to demonstrate the hardship required by § 902.3 of the Zoning Ordinance. (See October 28, 1996 Department of Planning and Development Report.) The record also included a report form the Department of Traffic Engineering which determined that the off-street parking plans submitted with this application met all of the requirements of that department. (See September 23, 1996 Department of Traffic Engineering Report.)
The five members of the Board voted four-to-one to approve the application for a use variance. On November 21, 1995, the Board issued a written decision in Resolution No. 8009, in support of which the Board made detailed findings of fact and conclusions of law. Specifically, the Board recognized that it had previously approved the subject property for use as office space on the second floor. The Board also found that the subject premises existed upon a heavily-traveled street, with a mixture of residential, religious and professional uses in the vicinity. The Board acknowledged that none of the objectors present complained about the nature of the operations of the Groden Center. Ultimately, the Board determined that "the expansion of the present use of the Groden Center will result in less activity, noise and traffic than a mixed/residential use. In this respect, the granting of the variance will be beneficial to the neighborhood as it will reduce noise and activity during the weekend and nighttime hours." The Board also determined that "there is a loss of beneficial use as the property presently exists."
The plaintiffs filed the instant timely appeal of the Board's decision. On appeal, plaintiffs aver that the Board's decision violated G.L. § 45-24-41, exceeded the Board's authority; was made upon unlawful procedure; is affected by errors of law regarding the burden of proof and the need for expert testimony; was clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; is not based upon substantial evidence; is arbitrary, capricious, and characterized by abuse of discretion.
Standard of Review
The Superior Court reviews a zoning board decision pursuant to G.L. 1956 § 45-24-69
(D) which provides in pertinent part:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of finding, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that substantial evidence supports the board's decision. Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO. Local 1589, 119 R.I. 506, 380 A.2d 521
(1977). This court's limited review applies even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the board. Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980).
Use Variance
The Rhode Island Legislature, through G.L. § 45-24-31
(61)(a), defines a use variance as follows:
 "Use Variance. Permission to depart form the use requirements of a zoning ordinance where the applicant for the requested variance has shown by evidence upon the record that the subject land or structure cannot yield any beneficial use if it is to conform to the provisions of the zoning ordinance."
The Legislature further restricts the power of the zoning board to grant a use variance through G.L. § 45-24-41, which directs the board, when granting a use variance, to require that evidence satisfying the following standards be entered into the record:
 "(1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical disability of the applicant, excepting thereto those physical disabilities addressed in § 45-24-30 (16) herein;
 "(2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 "(3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 "(4) that the relief to be granted is the least relief necessary.
 "(D) The zoning board of review shall, in addition to the above standards, require that evidence be entered into the record of the proceedings showing that:
 "(1) in granting a use variance the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance. Nonconforming use of neighboring land or structures in the same district and permitted use of land or structures in an adjacent district shall not be considered in granting a use variance. . . ".
The City of Providence Zoning Ordinance adopts the above provisions governing use variances in the Providence Zoning Ordinance at § 902.3.
The plaintiff argues that this court should reverse the Board's decision because it violates the above-cited statutory and ordinance provisions and is clearly erroneous based upon the evidence on the record. The plaintiff notes that although the defendant's real estate expert, Thomas Sweeney, testified that the applicant would lose substantial beneficial use of the property if the application was denied, he refused to testify that the defendant would lose all beneficial use of the property. The plaintiff argues that Mr. Sweeney's testimony fails to satisfy the standard set forth in G.L. § 45-24-41. Plaintiff avers that in accepting Mr. Sweeney's testimony, and in adopting the "substantial loss of use" language in its written decision, the Board effectively replaced the "loss of all beneficial use" test required by the Legislature with a "loss of substantial beneficial use" test. The plaintiff contends that the Board's use of this less exacting standard warrants a denial of the use variance and, consequently, a reversal of the Board's decision.
The defendants counter, essentially, that they did, in fact, satisfy the standard set forth in G.L. § 45-24-41 (D). The defendants characterize Mr. Sweeney's testimony of "substantial" rather than "all" beneficial use as a mere failure of the expert to use the "magic words" necessary to receive a use variance. Furthermore, the defendants contend that the Rhode Island Supreme Court supports a logical, rather than a literal, reading of the standard for obtaining a use variance.
This court is not persuaded by the defendants' argument. This court is mindful of the Rhode Island Supreme Court's holdings on precisely this issue of whether a "substantial deprivation" of beneficial use meets the stringent "loss of all beneficial use" standard required for a use variance. In Smith v. Zoning Boardof Review of the City of Warwick, 104 R.I. 1, 241 A.2d 288, (R.I. 1968). the applicant argued that he was not completely, but substantially deprived of all beneficial use of his property by the denial of his variance application. The Rhode Island Supreme Court specifically held that with respect to the proving of undue hardship
 ". . . substantial deprivation of all beneficial use of one's property is not the standard to be used in determining whether one is entitled to a variance. The standard established in a long line of cases by this court is complete deprivation of all beneficial use." Id. at 290.
Accordingly, the Smith court determined that where the applicant, although arguing substantial deprivation of beneficial use, could not prove complete deprivation of all beneficial use the applicant was not entitled to a use variance. Id.;Prescott v. Rao, 113 R.I. 958, 327 A.2d 847 (R.I. 1974). In light of this clear precedent, this court determines that the Board's reliance upon the "substantial deprivation of beneficial use" language in its written decision is misplaced.
In conclusion, this court finds that the Board incorrectly interpreted and applied the statutory provisions governing use variances, resulting in an error of law. Furthermore, a careful review of the entire record fails to disclose any probative evidence to support the grant of a use variance. Accordingly, this court reverses the Board's decision of October 29, 1996.
Counsel shall prepare an appropriate judgment for entry.