DECISION
This matter comes before the court pursuant to Rhode Island General Laws § 45-24-69. The plaintiffs Joseph and Joanne Keough (plaintiffs) appeal a decision of the City of Newport Zoning Board of Review (Board) denying their application for a variance to certain dimensional requirements. The plaintiffs requested the Board's permission to maintain an air conditioning unit which is located on the north property line of their land. Under the town ordinances, a ten foot setback is required. The subject property located at 87 Second Street, Tax Assessor's Plat 9, Lot 291 (R-10 zone).
After a fill hearing, the Board adopted the following findings of fact:
 1. The property contains a single family. The petitioner proposes to maintain a[n] air condition unit, (an accessory use) which is located within the north side yard approximately 0 ft. from the property line.
 2. The property is located in a residential R-10 zoning district where 10 ft. is required for all accessory uses and structures.
 3. The site plan provided by the petitioner indicates that there are other areas on his property on which to locate the air conditioning unit and be in compliance with the setback requirements of the zoning code.
 4. Ms. Elizabeth Mathinos, the abutter to the north at 89 Second Street, testified that the noise emanating from the air conditioning unit was causing her to lose sleep. She presented a survey by Leon Shaw, dated July 26, 1997 that indicates that the air conditioning unit encroaches upon her property.
Having articulated these facts, the Board issued its decision:
 "Upon a motion duly made and seconded the Board found that the variance would be injurious to the neighborhood or otherwise detrimental to the public welfare, that any hardship was self-imposed, and that the variance was not the minimum variance that would make reasonable use of the land, building or structure, therefore petition was denied. Decision.
The plaintiffs challenge this outcome asserting that it was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. Furthermore, plaintiffs argue, the decision was arbitrary and capricious and further characterized by an abuse of discretion. See Memorandum inSupport of Plaintiffs' Appeal.
Section 45-25-69 (D) of the Rhode Island General Laws provides specific guidelines to be followed by the court when reviewing decisions of a zoning board.
 "(D) The Superior Court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) in violation of constitutional, statutory or ordinance provisions;
 (2) in excess of the authority granted to the zoning board by statute or ordinance;
 (3) made upon unlawful procedure;
 (4) affected by other error of law;
 (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion." G.L. 1956 (1991 Reenactment).
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the board if he or she conscientiously finds that the decision was supported by substantial evidence. Apostolou v. Genovesi,388 A.2d 821 (1978). "Substantial evidence in this context means such relevant evidence that a reasonable mind might accept as adequate to support the conclusion and means an amount more than a scintilla but less than a. preponderance." Caswell v. GeorgeSherman sand and Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981). This standard refers to the reasonableness of the action of the zoning board on the basis of the evidence before it. UnitedStates v. Bianchi Co., 373 U.S. 709, 715, 83 S.Ct. 1409, 1414 (1963). On appeal, the Superior Court must not abdicate its traditional function but rather it must scrutinize the record as a whole to determine whether competent evidence exists to support the tribunals findings. New England Naturist Ass'n Inc. v. George648 A.2d 370, 371 (R.I. 1994).
At the hearing, the plaintiffs argued that the size and configuration of the subject property makes it impossible to site the air conditioning unit to conform with the setback requirement of the zoning ordinance. To require conformance, plaintiffs argue, would amount to a taking of that land. Furthermore, they assert that "the hardship to which we seek relief is due to the special characteristics of the tend in that it is so small, and again, and further, this application and the hardship that will be suffered is not due to any economic disability of the applicants." Transcript at 3.
Opposition to the plaintiffs request for variance was presented by Ms. Liz Mathinos, an abutter to the subject property. Ms. Mathinos complained that the noise from the plaintiffs air conditioning unit interfered with her right to enjoy the peace and tranquility of her property. She also argued that its location on the property line compromised her ability to erect a fence around her land.
After hearing all of plaintiff's arguments, the board unanimously denied the petition concluding that the air conditioner could be moved to any of the other three sides of the house and that failing to grant the variance would not deprive the plaintiffs of "all beneficial use of the entire property."Transcript at 17-18. As required by law, this Court has reviewed the entire record, including the hearing transcript, and concludes that the board acted within its authority. There is no evidence that the decision was arbitrary, capricious or an abuse of discretion. Neither is it erroneous in view of the reliable, probative and substantial evidence in the record.
Accordingly, the decision of the zoning board is affirmed. Counsel shall prepare the appropriate judgment.