DECISION
This is an appeal from a July 13, 1999 decision of the Zoning Board of Review of the Town of North Kingstown (the Board). In its decision, the Board denied Kentco Development, Inc.'s (Kentco) application for a use variance. Kentco was seeking the variance in order to construct a single family house on two lots totaling 35,030 square feet in a zoning district that required 40,000 square feet. Pursuant to the Town of North Kingstown's zoning ordinance, the lots had merged with two other lots, which are not owned by Kentco. All four of these lots were at one time held in common ownership. Jurisdiction is pursuant to G.L. 1956 §45-24-69.
 FACTS/TRAVEL
The subject property located on Sunset Avenue and identified as Tax Assessor's Plat 41, lots 73 and 78, is situated in a Neighborhood Residential Zone (R-40) as defined by the North Kingstown Town Ordinance. Kentco's two lots, along with adjacent lots 72 and 77, were held in common ownership by Robert and Louise MacDonald until August of 1995. The MacDonalds resided in a single family dwelling located on lot 77 and had built a shed and tennis court on lot 72. Kentco's lots, 73 and 78, were left undeveloped.
On May 8, 1995, all four of the lots which were held in common ownership by the MacDonald, merged by operation of law with the enactment of Section 21-211(c) of the Zoning Ordinance of the Town of North Kingstown (the Ordinance). That section provides as follows:
 "If two or more abutting nonconforming lots are held in the same ownership as of May 8, 1995 or subsequent thereto, such lots shall be combined for the purposes of this ordinance in order to conform or more nearly conform to the minimum area or any other dimensional requirements of this ordinance for the district in which the lots are located and such lots shall not be sold separately."
Town of North Kingstown Zoning Ordinance Section 21-311(c) (emphasis added).
The enactment of the Ordinance on May, 8 1995 effectively required that if the MacDonalds wished to sell any of the four lots, they would have to sell them all as one unit or apply to the Planning Board for Subdivision Review. However, on August 1, 1995 the MacDonalds sold lots 72 and 77 to John and Catherine Dusel. This sale was in direct contravention of the Ordinance. The Town recorded the deed. As sold, the two Dusel lots were undersized with a combined area of 35,960 square feet, short of the 40,000 square foot requirement.
Following the sale to the Dusels, the MacDonalds conducted percolation test on lots 73 and 78 (the subject property) and received an Individual Sewage Disposal System permit from the Rhode Island Department of Environmental Management. The MacDonalds, through a Realtor, then marketed the two lots for sale as buildable, and in September of 1998, Kentco bought lots 73 and 78. Again the Town recorded the deed.
On March 18, 1999, Kentco filed an application with the Board for a use variance to construct a single family home on the property. Also included in the application was a request for a dimensional variance with regard to the area, frontage, and width requirements. In an April 5, 1999 letter to the Principal Planner for the Town of North Kingstown the Town Solicitor expressed his belief that the lots had no independent existence apart from lots 72 and 78; as such, he believed they could not be the subject matter of the Board. In a separate letter dated April 7, 1999, the Solicitor further stated that the Kentco property did not have a separate legal existence. However, he did advise the Board to allow Kentco to present its case to the Board.
At the hearings before the Board, Kentco offered the testimony of Kentco President Steven Kent. Mr. Kent testified that prior to purchasing the subject property, he had a title examination conducted on lots 73 and 78 by an attorney. Mr. Kent further testified that he had no knowledge, prior to his purchase, that the MacDonalds were the common owners of lots 72, 77, 73 and 78 on May 8, 1995, the effective date of the merger.
Also testifying at the hearing on behalf of Kentco's application was Francis McCabe, an expert in the field of real estate. Mr. McCabe testified that at some point in June of 1999, he visited the office of the Tax Assessor for the Town of North Kingston and reviewed the Assessor's Map, as well as the tax cards for lots 72, 77, 73, and 78. Neither the map nor the tax cards indicated that lots 72 and 77 had been merged with 73 and 78. Mr. McCabe also testified that in the North Kingstown Comprehensive Community Plan, residential neighborhood zones, such as the one in which petitioner's property is located, are designed for high density area comprised of lots ranging from 20,000 square feet to 40,000 square feet.
A review of the properties surrounding Kentco's property reveals that there is, in fact, none that meets the requirements of either 40,000 square feet of land or 200 feet of street frontage. As stated earlier, the transfer from the MacDonalds to the Dusels involving lots 72 and 77 was for lots totaling only 35,960 square feet. The parcel immediately to the north, a merger of lots 74 and 79, totals approximately 34,720 square feet, with approximately 140 feet of frontage. Immediately to the west, the merged lots 83 and 88 total approximately 36,872 square feet, with only 149 feet of frontage on Sunset Avenue, and only 136 feet on Top Hill Road.
Those opposing the granting of the application consisted of the abutting neighbors. As owner of the abutting lots, they objected to the application and called for a strict enforcement of the Ordinance. In addition, the objectors called for the Board to maintain the green space in the community by applying the Ordinance as written and deny the application. Mr. Dusel, owner of lots 72 and 77, questioned Kentco's intent to maintain the beauty of the neighborhood.
The Board voted 3-2 to grant the requested relief. Failing to carry the necessary four votes, Kentco's application for relief was denied. The Board issued a written decision on July 27, 1999. This appeal followed. In an order dated October 24, 2000, this Court remanded the matter to the Board. On remand, the Board was to take further evidence, if any, as to what the Town had done, prior to July 15, 1999, to notify real property owners and prospective purchasers of real property that the lots had merged.
After further hearings a second written decision was handed down on July 24, 2001 by the Board; again by a 3-2 vote, Kentco failed to obtain the necessary four votes. At that rehearing, the Board took evidence from Marilyn F. Cohen, the Town's Director of Planning and development. It was her testimony that the Ordinance had been properly advertised before it was enacted and it was in full effect on August 1, 1995 when the MacDonalds conveyed lots 72 and 77 to the Dusels. Ms. Cohen also testified that it was her belief that she did not have a duty or obligation to notify persons of a lot merger.
Shortly after the rehearing proceedings on June 26, 2001, the Town of North Kingstown and the Board instituted enforcement proceedings in this Court against the MacDonalds, the Dusels, and Kentco. In that action, docket number C.A. No. WC2001-0369, the Town seeks the imposition of criminal penalties against the MacDonalds for the wrongful conveyances and has requested the Court to set aside those conveyances to the Dusels and Kentco. In the alternative, the Town seeks such Orders as may be required to bring the merged lots into compliance with the North Kingstown Zoning Laws.
 STANDARD OF REVIEW
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(d):
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
(1) In violation of constitutional, statutory or ordinance provisions;
(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing the decision of a zoning board of review, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that substantial evidence supports the board's decision. Apostolu v. Genovesi, 120 R.I. 501, 507,388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 47 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing Court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New England Naturist Ass'n, Inc. v. George,648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of Fire Fighters, AFL-CIO, Local 1589,119 R.I. 506, 380 A.2d 521 (1977)). This court's limited review applies even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the board. Berberian v. Dept. of Employment Security, 414 A.2d 480, 82 (R.I. 1980).
 JURISDICTION OF THE BOARD
Jurisdiction for a lot subdivision rests solely with the Planning Board. R.I. Gen. Laws § 45-23-51 et seq.; see also Munroe v. Town of East Greenwich, 733 A.2d 703 (R.I. 1999). In Munroe, the Supreme Court held "[p]ursuant to § 45-23-51 of the Development Review Act, control of land development and subdivision projects is required to be conferred upon the planning board." Id. at 706. Accordingly, the Board lacked jurisdiction to render a decision on the application of Kentco. Pursuant to North Kingstown Ordinance Section 18-1, prior to the Board granting any use and/or dimensional relief, the subject property has to be first subdivided from the entire lot, which was created with the passage of the merger statute on May 8, 1999. See Sawyer v. Cozzolino, 595 A.2d 242
(R.I. 1991). Accordingly, the proper course of action in this case is for the Planning Board to hear an application for subdivision relief.
 CONCLUSION
After a review of the record, it is clear that the decision of the Board acted in excess of its authority and in violation of ordinance provisions. Since this Court finds that the Board lacked such jurisdiction, this Court remands the matter to the Board with directions to dismiss the petition without prejudice so that Kentco might apply to the Planning Board for the appropriate relief pursuant to the ordinance. This matter is remanded to the Board.
Counsel shall submit the appropriate judgment for entry.