DECISION
Before this Court is the appeal of Thomas Furey, Melissa Ferrare, and David S. Ferrare (petitioners) of the March 20, 1998 decision of the Platting Board of Review for the Town of Narragansett. In denying the appeal, the Platting Board upheld the decision of the Planning Board, which denied petitioners' Application for Subdivision Review. On October 29, 1997, the Planning Board denied petitioners' application based upon section XIII (c)(4) of the Town of Narragansett Subdivision Regulations. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
Petitioners David S. Ferrare and Melissa Ferrare, are the owners of Lots 59, 60, and 61 on Plat N-G of the Tax Assessor's records, located at 95 Wayland Trail, Narragansett, Rhode Island. Petitioner Thomas E. Furey is the owner of Lots 82 and 62 on Plat N-G of the Tax Assessor's records, located at 96 Inkberry Trail, Narragansett, Rhode Island. Individually, neither the Ferrare nor Furey properties are perfect squares or rectangles but consist of two L or dog-leg properties. When looking at the two abutting properties together, one notes they abut in the shape of a T. Petitioners Ferrare's property constitutes mainly the top portion of the T; Petitioner Furey's property makes up the bottom portion of the abutting T-shaped properties. Both existing properties meet the current area requirements of the Narragansett Zoning Ordinance and are considered legal existing lots.
Plaintiffs submitted an application to the Town of Narragansett Planning Board to subdivide the property into three building lots. Public hearings were held on November 4 and December 16, 1997, with reference to plaintiffs' application for subdivision. Plaintiffs' proposal would have created an additional building lot with sufficient area to meet the R-10 zoning requirements. The subject properties would contain three parcels with the Ferrares owning Parcels I and III, and Furey owning Parcel II. However, the proposed configuration of what would be considered Parcel II on the subdivision (portions of lots 59, 60, 61, and 82) would have two narrow strips of land attached to it making it look like a T. After subdivision, Furey was to grant an easement over the two narrow strips of land to the Ferrares.
In its December 18, 1997 decision, The Planning Board denied petitioners' application based upon Section XIII (c) (4) of the Subdivision and Land Development Regulations. Section XIII (c) (4) states:
 "[t]he Planning Board shall have the right to prohibit or require modifications to lots which are shaped or configured in such a manner as to conflict with the use of the land or the intended purpose. In particular, long, narrow strips of land shall be avoided in creating residential lots. Unusual shapes, angles and dimensions shall be avoided in lot layout design. The Board may, in reviewing a proposed subdivision require modification to the proposed lot layout as it deems necessary to achieve the purposes of these regulations."
Section XIII (c) (4) Narragansett Subdivision and Land Development Regulations.
Plaintiffs appealed the Planning Board's decision to the Town of Narragansett Zoning Board, in its capacity as the Platting Board of Review, on December 30, 1997. Public Hearings were held on March 12 and 19, 1998. At those hearings, no objectors testified against the proposed subdivision. On March 20, 1998, the Platting Board issued a unanimous 5-0 decision denying the plaintiffs' appeal. The denial was based upon the fact that "[t]he subdivision proposed by the applicants was found by the Planning Board to be violative of the above provisions [Sec. XIII (c) (4)] in that it contained narrow strips of land and unusual dimensions." The Board went on to hold that ". . . [p]arcel 2 will in fact not be of any use to Parcel 2 but will rather more logically be considered part of Parcel 3." (Platting Board March 20, 1998 Decision.)
 STANDARD OF REVIEW
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(D):
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"In reviewing the action of a zoning board of review, the trial justice must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979); Apostolou v. Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25(1978); see also New England Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Apostolou, at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted).
 THE PLATTING BOARDS' DECISION
The Planning Board's authority to deny plaintiffs' subdivision derives from Section XIII (c) (4) of the Subdivision Regulations. That Regulation gives the Board the right to prohibit lot configurations which conflict with the "use of the land for the intended purpose." The Petitioners argue that the proposed subdivision would meet all of the zoning requirements of the Town of Narragansett. However, the proposed subdivision would create the exact situation that the Regulation seeks to avoid. Namely, the proposed configuration is in violation of the Regulation in that it would contain narrow strips of land and unusual dimensions. This configuration would conflict with the "use of the land for its intended purpose" because portions of Parcel II (the narrow strips) will in fact not be of any use to Parcel II but will rather more logically be considered part of Parcel III.
In reviewing a zoning decision, Superior Court's review is confined to a search of the record to ascertain whether the decision rests upon competent evidence or is affected by an error of law. Kirby v. Planning Board of Review of the Town of Middletown, 634 A.2d 285 (R.I. 1993). This Court finds that substantial evidence exists to support the decision of the Platting Board of Review and the decision did not contain any errors of law. The March 20, 1998 decision denying petitioners' appeal held that the decision of the Planning Board was "clearly a matter of judgment, and under the applicable regulations and state law, this Board is prohibited from substituting its judgment for that of the Planning Board." (Decision at 2.) That same standard of review applies to this Court's review of the decision of the Platting Board. See G.L. 1956 § 45-24-69(d). There is no evidence of record that the Platting Board acted outside its authority in denying the appeal.
 CONCLUSION
Upon review of the entire record, this Court finds that the decision of the Platting Board is supported by reliable, substantial, and probative evidence and the decision did not violate constitutional, statutory, or ordinance provisions. The Platting Board did not act in excess of its authority. The Platting Board's decision is neither clearly erroneous in view of the record, nor is it arbitrary or capricious. There are no errors of law or procedures such that substantial rights of the Petitioners were prejudiced. Therefore, the decision of the Platting Board is affirmed.
Counsel shall submit the appropriate judgment for entry.