DECISION
Before this Court is Boat Cove Dock Association's (Boat Cove) appeal of the February 21, 2001 decision of the Town of Charlestown Zoning Board of Review (Board). The Board overturned the Building Official's issuance of Building Permit No. 529 on June 30, 2000, and upheld the appeal filed by Arnolda Improvement Corporation (Arnolda). The Board decided Boat Cove intended to erect a structure for the purposes of open storage in a residential area in violation of the Town of Charlestown Zoning Code. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS/TRAVEL
Boat Cove is a homeowner's association comprising three families seeking access to Ninigret Pond. They own a small parcel of land on Stumpy Point Lane along the banks of Ninigret Pond in an R-2A Zone, where the owners would eventually like to install a dock. The property is a long, thin parcel of land with very little dry land and is likely unbuildable. Trees and brush grow down to the water's edge.
In the past, vandals had caused property damage to a sign, which read "Boat Cove Dock Association", placed on the property by Boat Cove. Along with their plans to install a dock, Boat Cove wished to keep a dingy, valued at $4,500, on their property while not in use. Fearing that the vandals would damage or steal the dingy, Boat Cove installed security lighting around the sign as well as a security camera. Boat Cove also applied to the Coastal Resource Management Council (CRMC) and the Charlestown Building Inspector's Office for a permit to construct a six foot high fence with barbed wire on top. Boat Cove received permission to erect the fence from both.
On August 15, 2000 and January 18, 2001, the Board heard testimony concerning the appeal filed by Arnolda, along with other objectors, of the Inspector's decision to grant a building permit to Boat Cove. The Town Building Inspector, Donald Dinucci, testified that Charlestown zoning ordinance § 218-85 (C) specifically exempts fences from setback requirements and allows their construction along a boundary line. He also testified that the ordinance does not prohibit the use of barbed wire. August 15, 2000 Tr. at 63. The ordinance provides an exception to any front, side, or rear set back requirements; "[i]n any district, fences, and walls may be constructed up to six feet in height. In front yards, the maximum height of walls and fences shall be subject to the vision requirements of § 218-86, Sight Triangles." Charlestown, R.I. Zoning Ordinance art. XV, § 218-85 (C) (July 1, 1998).
The Board determined that as defined in the town ordinance, what Boat Cove sought to construct was not a fence but instead a structure. A structure is defined as "a combination of materials to form a construction for use, occupancy, or ornamentation, whether installed on, above, or below the surface of land or water." See Id. § 218-5. The Board held that it was a structure because it was not to be used as a boundary fence or used to keep trespassers off the property. "Securing personal property within a fence in an R[-]2A zone is prohibited. It constitutes open storage permitted only in an industrial zone as defined by our Zoning Code." Board's 2-20-2001 Decision. The Board voted 3-2 to overturn the Inspector's decision. This appeal was timely filed by Boat Cove.
 STANDARD OF REVIEW
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(D):
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"In reviewing the action of a zoning board of review, the trial justice must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980) (citing DeStefano v. Zoning Bd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979); Apostolou v. Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25(1978); see also New England Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Apostolou, at 825. Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted).
 THE BOARD'S DECISION
After a review of the entire record, this Court finds that substantial evidence exists for the Board's determination that, as defined by Town Ordinance, what Boat Cove seeks to construct is a structure. The record evidences that Boat Cove is not simply placing a fence around the property; instead Boat Cove seeks to enclose an area for storage. As defined, a structure is a "combination of materials to form a construction for use"; here the materials happen to be fencing. Further evidence that Boat Cove seeks to erect a structure comes from their application to the Building Inspector for the permit. On that application, the description of work to be performed reads: "to construct an area enclosure consisting of a chain link fence and three strands of barbed wire at the summit, not to exceed a total height of 6 feet, around the association's accessories in order to secure personal property." Boat Cove Dock Association's 6-26-200 Building Permit Application However, there is not substantial evidence showing that the structure constitutes open lot industrial storage in a residential zone. Open lot storage is defined as "[t]he storage of equipment, goods, raw or processed materials outside any building or structure." See § 218-5 (emphasis added). Since there is no structure or building on Boat Cove's property, this structure cannot be deemed an industrial use. This error of law by the Board does not substantially prejudice Boat Cove, however.
Due to the determination that Boat Cove wishes to build a structure, the exception from front, side, and rear set back requirements for a fence does not apply. Table 32-1 of the Ordinance requires a 50 foot front yard set back for any structure erected or constructed in an R-2A Zone. Boat Cove's proposal called for a 16 ft. swinging gate only 3 feet from the road way, in violation of the Charlestown Town Ordinance.
Since there is substantial evidence in the record showing that the object sought to be built is a structure, it must meet all zoning regulations to be lawfully constructed. Accordingly the Board's Decision to reverse the Building Inspector's issuance of building permit was not clearly erroneous.
 CONCLUSION
Upon review of the entire record, this Court finds that the decision of the Board is not clearly erroneous and does not violate constitutional, statutory, or ordinance provisions. The Board did not act in excess of its authority. There are no errors of law or procedures such that substantial rights of Boat Cove have been prejudiced. Therefore, the decision of the Board is affirmed.
Counsel shall submit the appropriate judgment for entry.