DECISION
Before this Court is the appeal of Michelle Blanchard, Lisa Carter, J. Christopher Benetti, Lynn Benetti, Raymond Connery, Joan Connery, Ron Aubin and Kevin Plouffe (hereinafter collectively known as the "Appellants") of the July 9, 2002 decision of the Zoning Board of Review of the Town of North Smithfield (the "Board"). The Zoning Board of Review affirmed the decision of the North Smithfield Zoning Official Richard Benoit ("Zoning Official") permitting use of property located on Mechanic Street in North Smithfield as a day-care center. Jurisdiction is pursuant to R.I.G.L. § 45-24-69.
 FACTS/TRAVEL
John Leyon and Althea Leyon are the owners of property located at Assessor's Plat 1, Lot 69 (the "Property") in the Town of North Smithfield. On April 25, 2002, the North Smithfield Building Inspector and Zoning Officer issued a Certificate of Zoning Compliance allowing the establishment of a child day-care center at the property. Appellants are owners of parcels within two hundred (200') feet of the Leyon property. They appealed the issuance of the certificate to the North Smithfield Zoning Board of Review.
On June 4, 11 and 20, 2002, the Board held a public hearing with respect to the appeal. At the hearing, Appellants proffered only one witness, Samuel Shamoon, apparently as an expert on multiple uses and land development projects. The Board also considered the testimony of the North Smithfield Zoning and Building Official. The Board then voted to uphold the issuance of the Certificate of Zoning Ordinance by the Building Inspector. That decision was recorded in the Land Evidence Records on July 9, 2002. On July 29, 2002, the Appellants filed the instant appeal.
STANDARD OF REVIEW
This Court possesses appellate review jurisdiction of a zoning board of review decision pursuant to R.I.G.L. § 45-24-69(D):
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"In reviewing the action of a zoning board of review, the trial justice must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Toohey v. Kilday,415 A.2d 732, 735 (R.I. 1980) (citing DeStefano v. Zoning Bd. of Reviewof Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979); Apostolou v.Genovesi, 120 R.I. 501, 504, 388 A.2d 821, 824-25 (1978); see also, NewEngland Naturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Apostolou, at 825. Moreover, this Court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (citations omitted).
 REVIEW OF BOARD'S DECISION
The Zoning Board of Review received testimony over several evenings in consideration of the appeal. On June 20, 2002, the Board made express findings of fact. Mr. Shamoon's testimony was offered by the Appellants to show the inconsistency of the application with the town's comprehensive plan. After extensive questioning by counsel and members of the Board, Mr. Shamoon indicated he was unfamiliar with the licensing regulations of the Rhode Island Department of Children and Their Families for day-care centers, or day-care center operations in general. The Board reviewed the application materials and found the use to be consistent with that of a day-care center. The Zoning Official testified that the center met all setback area and coverage requirements and the intended use was permitted under the North Smithfield Zoning Ordinance. An extensive memorandum was submitted by Mr. Mrs. Leyon to the Board to establish that the day-care center was consistent with state licensing requirements. Accordingly, there was substantial, reliable and probative evidence before the Board to uphold the decision of the Zoning Official.
The Appellants raise four separate issues on appeal:
1. Standard of De Novo Review Required by the Board.
Appellants claim that the Board misconceived the standard to be applied in its review, and that the Appellants should have been allowed a denovo review. Appellants cite the provisions of R.I.G.L. § 45-24-68 to justify their entitlement to a de novo review. However, unlike so many other statutes, this provision does not explicitly provide for a de novo
review. See R.I.G.L. §§ 4-13.1-9, 23-28.5-6, 27-4-24.5, 32-1-15,37-22-9, and 41-2-4.
Rhode Island General Laws § 45-24-68 does not explicitly require ade novo review. While the board "may . . . reverse or affirm wholly or partly and may modify the order . . ." of the zoning officer, the board is not required, expressly or impliedly, to conduct a de novo review. Rhode Island General Laws § 45-24-61 requires that findings of fact be recorded and kept when such findings are made, but the statute does not mandate specific findings below.
Appellants argue that one of the members of the Board appears to have misconceived the proper standard. (Appellants' Memorandum at 7.) Appellants note elsewhere in their brief that the Board made extensive findings of fact. (Appellants' Memorandum at 5.) Appellants failed to establish the Board was required to make de novo findings, and it has failed to show any specific prejudice resulting from the alleged misstated standard of review by one member of the Board.
2. Use as a Day-Care Facility.
Appellants claim that the facility will be more than a day-care facility, it will be a nursery school.[1] Appellants point to language in some of the facility's promotional material indicating that it will employ teachers, perform some educational services, and may provide haircuts and dental hygiene. Appellants reference no definition of day-care facility or nursery school within the zoning code itself. Instead, they apparently infer there is some ambiguity with these two separate classifications.
When interpreting an ordinance, the court employs the same rules of construction that are applicable to statutes. Town of North Kingstown v.Albert, 767 A.2d 659, 662 (R.I. 2001). When the language of a statute is clear and unambiguous, the court will not look for an ambiguity where none exists, or reach beyond the statute for a different meaning.Bouchard v. Price, 694 A.2d 670, 680 (R.I., 1997). Moreover, the high court has said:
 When the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meaning. Sindelar v. Leguia, 750 A.2d 967, 970 (R.I., 2000).
Finally, in the event an ambiguity does exist, an ambiguity in an ordinance must be resolved in favor of the property owner/applicant, "for a zoning ordinance is in derogation of the common-law right of a property owner to use his or her land as she wishes, and any doubts as to legislative intent behind the ordinance must be resolved to her benefit."City of Providence v. O'Neill, 445 A.2d 290, 293 (R.I. 1982) (citations omitted).
It is clearly a stretch to conclude that there is an ambiguity, or division, or that the ordinance somehow prohibits day-care facilities from educating children. It is a natural incident for young children to learn. A day-care center which focuses on the educational growth of children, and the hygiene of those children, shows concern for the well-being of its charges. A day-care center may educate. If the facility expands beyond what a day-care center is entitled to be, in contravention with existing town ordinances or state regulations, the town may regulate such use if inconsistent with the permitted use.
Appellants also claim that the proposed project requires a special use permit as it includes either complex uses or a complex of structures. The Appellants infer that there are separate buildings, but offer no proof. Indeed, while there appears to be separate buildings, the plans show that they all face a common courtyard and are linked together by covered walkways. It is another stretch to say that this is a complex of separate structures. The entire facility is dedicated to day-care for the young. Accordingly, there is one intended use, even though it obviously includes administrative offices, play areas and the like.
3. Composition of the Zoning Board.
Appellants claim the participation by one of the appointed members of the Zoning Board rendered the decision a nullity, because it was later found that the official was behind on his tax payments. In this claim, Appellants rely on a relatively new North Smithfield Town Ordinance which states, "all appointees shall be residents of the town, owing no delinquent town taxes. . . . " Ordinances of the Town of North Smithfield, Section 2-165(d). The Town Code distinguishes between "appointees" and "members" of a Town Board. See Code Section 2-165(a) wherein identities of appointees and members must be maintained on separate lists. Further, the argument that the member failed to pay his taxes does not appear to have been raised until well after the Zoning Board vote and there is no indication that this issue was raised before the Zoning Board. Raising a new issue at this late point is contrary to the provisions of R.I.G.L. § 45-24-69(b) which requires "good reasons for the failure to present it at the hearing before the zoning board of review." No good reasons have been shown, nor does the issue seem to be an appropriate one for review at this time. Rather, it is the responsibility of the Town of North Smithfield to determine which persons are appointed members of its boards. Additionally, there is scant proof to show that this person was ever behind in the payment of his taxes.[2]
This contention is insufficient to nullify the vote and the written decision of the North Smith Zoning Board of Review.[3]
4. Prejudice of Legal Counsel.
Appellants claim that the decision of the Zoning Board of Review is tainted because the Board's legal counsel rented space with or near the Appellants' legal counsel. The relationship between these two attorneys is not disclosed clearly, nor does it appear that this issue was ever raised before the Zoning Board. Again, reference is made to R.I.G.L. §45-24-69(b) which requires the showing of "good reasons for the failure to present" an issue before the Zoning Board, before this Court may give the matter further review. Further, even if the individuals had a business relationship, that does not necessarily render the decision of the Board as null and void. It is reasonable to infer that the individuals of the Zoning Board of Review acted independently and in accord with their sworn obligations, and accepted counsel's opinion for what it was.
 CONCLUSION
Upon review of the entire record, this Court finds that the decision of the Board is not clearly erroneous and is supported by the reliable, probative, and substantial evidence of record. Substantial rights of the Appellants have not been prejudiced. Therefore, the decision of the Zoning Board is affirmed. Accordingly, the appeal is dismissed.
Counsel shall submit the appropriate judgment for entry after notice.
[1] A nursery school requires a special permit in certain instances. North Smithfield Zoning Code, Section 5.4.4(2).
[2] While an alleged, unauthenticated printout of tax payments which the gentleman made was presented on appeal, but apparently not during the proceeding below, the document does not clearly establish that he was behind in any amounts due.
[3] Presumably, the North Smithfield Charter provides for removal or other discipline of town officials, when appropriate. To nullify votes cast by members, after they are duly appointed, would contravene the clearly detailed composition and voting criteria set forth in R.I.G.L. §§ 45-24-56 and 45-24-57(2).