[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This is an appeal from a decision of the Westerly Zoning Board of Review. Jurisdiction is pursuant to G.L. 1956 § 45-24-69. For the reasons set forth herein, this Court affirms the decision below.
 FACTS
This neighborly dispute concerns construction of an above ground individual sewage disposal system (ISDS) on real property owned by the Appellee, Umile Ritacco. Located at 142 Atlantic Avenue in Misquamicut, the lot is zoned Shore Commercial (SC-G). The Appellant, Anthony Vocatura, owns an adjacent property at 144 Atlantic Avenue.
At some point in time, Mr. Ritacco applied for and received a permit from the Rhode Island Department of Environmental Management (DEM) to construct an above ground ISDS,[1] to be located approximately five feet from the boundary he shares with Mr. Vocatura. Mr. Vocatura expressed concern to DEM but did not appeal the issuance of the permit. He also contacted the Westerly Zoning Inspector, Anthony Giordano, relative to the location of the ISDS near the lot line. He protested to Mr. Giordano that Mr. Ritacco's ISDS violated setback requirements in the Westerly Zoning Ordinance. Mr. Giordano apparently informed Mr. Vocatura that ISDS systems are not subject to zoning regulation or setbacks.
Mr. Vocaturo appealed Mr. Giordano's determination to the Westerly Zoning Board of Review. At a hearing before the Board, conducted during the evenings of May 5 and 11, 2004, counsel for Mr. Vocaturo vigorously argued that the ISDS constituted a structure as contemplated by the Ordinance, and as such the ISDS should be subject to dimensional requirements of the same. Specifically at issue, he argued, were ten foot side line and twenty foot rear line setbacks. Through counsel, Mr. Vocaturo examined Mr. Giordano, and offered his own testimony, as well as one lay witness, who opined that the ISDS constitutes a structure subject to zoning setbacks.
In opposition to the appeal, Mr. Giordano submitted a written statement at the board hearing defending his determination. The written statement outlined his past and current practice of not treating ISDS systems as structures in Westerly, and his reasoning for the same. Mr. Giordano also testified in support of his determination. He discussed the numerous similar ISDS systems in Misquamicut, and the Town's practice of not requiring permits or variances for the same. Mr. Giordano noted that DEM governs ISDS permits, and defended the appropriateness of allowing that agency to regulate the field.
Mr. Ritacco, through counsel, presented witnesses as well. These included an engineer who explained the design and function of an ISDS. The engineer explained the 18 inch elevation which constitutes the "above ground" aspect of Mr. Ritacco's ISDS. Specifically, he described a system of four retaining walls containing the sand and stone which constitutes the uppermost layer of the ISDS. Mr. Hartford called an additional engineer who testified he designed over 1500 ISDS systems in Westerly, and was never aware of setback requirements for the same. The same engineer testified that less than 25% of his completed systems would meet such requirements if so challenged.
The Board voted unanimously to deny the appeal, basing its decision on several factors. These included: insufficient witnesses to sustain Mr. Vacaturo's burden of proof, Mr. Giordano's written statement to the Board, and Mr. Giordano's consistent interpretation of this issue over ten preceding years.
 STANDARD OF REVIEW
This Court's review of the Zoning Board's decision is governed by G.L. 1956 § 45-24-69(D) which provides that:
 [t]he court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 1. In violation of constitutional, statutory, or ordinance provisions;
 2. In excess of the authority granted to the zoning board of review by statute or ordinance;
3. Made upon unlawful procedure;
4. Affected by other error of law;
 5. Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 6. Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a zoning board decision, the court "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings." Salve Regina College v. Zoning Board ofReview of Newport, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v.Zoning Board of Warwick, 122 R.I. 241, 245; 405 A.2d 1167, 1170 (1979)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501,508; 388 A.2d 821, 824-25 (1978)). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New England Naturist Association v. George,648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v.International Association of Firefighters, AFL-CIO, Local 1589,119 R.I. 506, 508; 380 A.2d 521, 522 (1977)). This Court should exercise restraint in substituting its judgment for the Zoning Board and is compelled to uphold the Zoning Board's decision if the court conscientiously finds that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257, 260
(R.I. 1985) (citing Apostolou, 120 R.I. at 507; 388 A.2d at 825).
 ANALYSIS
The thrust of Mr. Vocaturo's argument on appeal, as it was before the Board, is that the above ground ISDS is a structure subject to zoning setbacks. He vigorously disputes the Board's characterization of the ISDS as a retaining wall. He supports his interpretation that the ISDS constitutes a structure subject to zoning regulation with the King's English, plain English and common sense.
The Board offers a somewhat lengthier defense to this action, arguing the decisions of Mr. Giordano and the Board accord with the Westerly Zoning Ordinance. The Board premises its position on several grounds. This Court need only reach the first: Even if this court concludes his ISDS constitutes a structure, Mr. Ritacco argues, it is an accessory structure under the Zoning Ordinance, not subject to minimum setback requirements in an SC-G zone.
The Westerly Zoning Ordinance defines an accessory structure as:
 A structure or use that is clearly incidental to and customarily found in connection with a principal building and does not include residential occupancy. It is subordinate to and serves a principal building, and contributes to the comfort, convenience or necessity of the occupants, business or industry located in the principal building served. It is located in the principal building served.
WESTERLY, R.I., CODE OF ORDINANCES § 260-66A.
The Schedule of Dimensional Regulations describes side and rear setbacks required by the Zoning Ordinance. Id at § 260-19. The dimensional table lists no setback requirements for accessory structures in an SC-G zone.Id at § 260-A38.
For the limited purposes of deciding the instant appeal, this Court concludes Mr. Ritacco's ISDS constitutes an accessory structure, incidental and contributing to the principal building on the property. Because the Zoning Ordinance does not require setbacks for accessory structures in an SC-G zone, however, Mr. Vocatura's argument must fail.
 CONCLUSION
For the foregoing reasons the appeal is denied. The decision of the Zoning Board is affirmed. Counsel for the town shall submit a judgment within seven days.
[1] ISDS is an acronym for an individual septic disposal system.